**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Edelson P.C.,

       Plaintiff,

       v.

The Bandas Law Firm P.C. et al.,

       Defendants.

Case No. 16 CV 11057

Judge Rebecca Pallmeyer

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY
DEFENDANTS NOONAN PERILLO & THUT LTD. AND C. JEFFREY THUT**

Chris Gair (ARDC # 6190781)
Kristi Nelson (ARDC # 6229943)
Thomas R. Heisler (ARDC # 6296712)
Gair Eberhard Nelson Dedinas Ltd
1 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 600-4900
cgair@gairlawgroup.com
knelson@gairlawgroup.com
theisler@gairlawgroup.com
*Attorneys for Noonan Perillo & Thut Ltd. and C. Jeffrey Thut*

**Table of Contents**

Introduction ......................................................................................................... 1

I.    The Complaint Utterly Fails to State a Claim Under RICO. ................................. 4

   A.   The Relevant Pleading Standards ................................................... 4

   B.   The Elements of a RICO Claim .................................................. 5

   C.   The Complaint Here Does Not Allege a RICO "Enterprise." ........................... 5

   D.   The Complaint Does Not Allege That Thut Directed the Affairs of the Supposed Enterprise. ........................................................................................ 8

   E.   Plaintiff Has Not Properly Alleged Racketeering Activity, Much Less a "Pattern of Racketeering Activity." ................................................................... 9

       1.   The requirements of racketeering activity and a pattern ................................. 9

       2.   Edelson has not alleged multiple racketeering acts or that Thut agreed to the commission of multiple racketeering acts. ........................................................ 10

       3.   The complaint does not allege extortion as a matter of law. .......................... 12

       4.   The complaint does not allege the wire fraud predicate as a matter of law. ................ 14

   F.   Plaintiff Does Not and Cannot Allege an "Injury to His Business or Property," That It Has Suffered a "Direct Injury," or That the Conduct Proximately Caused an Injury. ..................... 17

II.    The All Writs Act Count Is Also Frivolous and Must Be Dismissed. ................................ 18

III.   The Abuse of Process Claim Must Be Dismissed. ........................................................ 20

Conclusion ......................................................................................................... 21

i

## Table of Authorities

**Cases**

*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) .................................................................. 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 4

*Atl. Recording Corp. v. Raleigh*, 2008 WL 3890387 (E.D. Mo. Aug. 18, 2008) ....................... 12

*Bachman v. Bear, Stearns & Co., Inc.*, 178 F.3d 930 (7th Cir. 1999) ......................................... 7

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 2, 4

*Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961 (7th Cir. 2000) ................................... 5

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140 (1988) ............................................................. 20

*Clark v. Chowdry*, 2016 WL 3541248 (D. Md. June 29, 2016) ................................................. 13

*Clinton v. Goldsmith*, 526 U.S. 529 (1999) ............................................................................... 19

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
776 F.3d 1343 (Fed. Cir. 2014) .................................................................................................. 13

*Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392 (7th Cir. 2009) ............................................ 6, 7

*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812 (4th Cir. 2004) .......................................... 19

*D.M. Robinson Chiropractic, S.C. v. Encompass Ins. Co. of Am.*,
2013 WL 1286696 (N.D. Ill. Mar. 28, 2013) ..................................................................... 6, 7, 15

*Deck v. Engineered Laminates*, 349 F.3d 1253 (10th Cir. 2003) .............................................. 13

*Doyle v. Shlensky*, 120 Ill. App. 3d 807 (1st Dist. 1983) ......................................................... 20

*Elliott v. Chicago Motor Club Ins.*, 809 F.2d 347 (7th Cir. 1986) ........................................... 11

*Equity Capital Corp. v. Kreider Transp. Service, Inc.*, 967 F.2d 249 (7th Cir. 1992) ........... 3, 15

*Figueroa Ruiz v. Alegria*, 896 F.2d 645 (1st Cir. 1990) .............................................................. 4

*FindTheBest.com, Inc., v. Lumen View Technology, LLC*,
20 F.Supp.3d 451 (S.D.N.Y. 2014) ....................................................................... 12, 13, 14, 16

*First Pac. Bancorp, Inc. v. Bro*, 847 F.2d 542 (9th Cir. 1988) ................................................. 13

*Goren v. New Vision Intern., Inc.*, 156 F.3d 721 (7th Cir. 1998) ............................... 3, 4, 8, 9, 15

*Grauberger v. St. Francis Hospital*, 169 F. Supp. 2d 1172 (N.D. Cal. Nov. 6, 2001) ............... 13

*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989) ...................................... 9, 10

*Harris Custom Builders, Inc. v. Hoffmeyer*, 1994 WL 329962 (N.D. Ill. 1994) ........................ 13

*Heights Cmty. Cong. v. Smythe, Cramer Co.*, 862 F. Supp. 204 (N.D. Ohio 1994) .................... 12

*HITK Corp. v. Reinhard*, 1987 WL 25354 (N.D. Ill. 1987) ...................................................... 20

*Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962 (1st Dist. 1972) .............................................. 20

*Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992) .................................... 3, 17

*Hughes v. Consol-Pennsylania Coal Co.*, 945 F.2d 594 (3d Cir. 1991) .................................... 10

*I.S. Joseph Co., Inc. v. J. Lauritzen A/S*, 751 F.2d 265 (8th Cir. 1984) ............................... 12, 13

*Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737 (3d Cir. 1996) ............................... 18

*In re Green*, 669 F.2d 779 (D.C.Cir.1981) .............................................................................. 19

*In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) ................................................................ 19

*Jennings v. Auto Meter Products, Inc.*, 495 F.3d 466 (7th Cir. 2007) ......................................... 9

*Jennings v. Emry,* 910 F.2d 1434 (7th Cir. 1990) ........................................................ 7

*Jones v. Griggs,* 612 F. Appx. 395 (7th Cir. 2015).......................................................... 18

*Kimberlin v. Nat'l Bloggers Club,* 2015 WL 1242763 (D. Md. Mar. 17, 2015)..................... 3, 12

*Klay v. United Healthgroup, Inc.,* 376 F.3d 1092 (11th Cir. 2004)........................... 18, 19

*Lachmund v. ADM Investor Services, Inc.,* 191 F.3d 777 (7th Cir. 1999)........................... 9

*LaScola v. U.S. Sprint Communications,* 946 F.2d 559 (7th Cir. 1991)...................... 16

*Menzies v. Seyfarth Shaw LLP,* No. 15 C 3403,
2016 WL 3854626 (N.D. Ill. July 15, 2016) .................................................... 4, 5

*Miller v. Yokohama Tire Corp.,* 358 F.3d 616 (9th Cir. 2004).................................. 15

*Miranda v. Ponce Fed. Bank,* 948 F.2d 41 (1st Cir. 1991)...................................... 4

*Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047 (9th Cir. 2007)........................... 19

*Nowicki v. Delao,* 2013 WL 500589 (7th Cir. 2013)...................................... 11, 12

*Otto v. Variable Annuity Life Ins. Co.,* 814 F.2d 1127 (7th Cir. 1986) ........................ 7

*Pennsylvania Bureau of Correction v. U.S. Marshals Service,* 474 U.S. 34 (1985) ................ 19

*Quant v. Smithkline Beecham Corp.,* 149 Fed. Appx. 668 (9th Cir. 2005) .................. 15

*Reich v. Lopez,* 38 F Supp. 3d 436 (S.D.N.Y. 2014) .................................... 11

*Rennell v. Rowe,* 2010 WL 99409 (N.D. Ill. 2010) ........................................ 14

*Reves v. Ernst & Young,* 507 U.S. 170 (1993)............................................ 5, 6

*Reynolds v. East Dyer Development Co.,* 882 F.2d 1249 (7th Cir. 1989) .................. 17, 18

*Richmond v. Nationwide Cassel L.P.,* 52 F.3d 640 (7th Cir. 2000)....................... 2, 6, 7

*Ringgold-Lockhart v. County of Los Angeles,* 761 F.3d 1057 (9th Cir. 2014) .............. 19

*Ritchie v. N. Leasing Sys., Inc.,* 2016 WL 1241531 (S.D.N.Y. Mar. 28, 2016) ........... 13, 14

*RJR Nabisco, Inc. v. European Community,* 136 S. Ct. 2090 (2016) ....................... 17

*Slaney v. The Intern. Amateur Athletic Federation,* 244 F.3d 580 (7th Cir. 2001) ......... 4, 9, 14

*Stachon v. United Consumers Club, Inc.,* 229 F.3d 673 (7th Cir. 2000) .................. 2, 6, 7

*Tamayo v. Blagojevich,* 526 F.3d 1074 (7th Cir. 2008)................................ 4

*Thorogood v. Sears, Roebuck and Co.,* 678 F.3d 546 (7th Cir. 2012)...................... 13

*Town of Gulf Stream v. O'Boyle,* 654 Fed. Appx. 439 (11th Cir. 2016) .................. 3, 13

*Tropf v. Fidelity Nat. Title Ins. Co.,* 289 F.3d 929 (6th Cir. 2002)..................... 3, 18, 20

*United States v. Clark,* 787 F.3d 451 (7th Cir. 2015) .................................... 16

*United States v. Sturm,* 870 F.2d 769 (1st Cir. 1989) .................................. 14

*United States v. Walgren,* 885 F.2d 1417 (9th Cir. 1989) ............................... 11

*United States v. Weimert,* 819 F.3d 351 (7th Cir. 2016)............................. 14, 16

*United States. v. Kragness,* 830 F.2d 842 (8th Cir. 1987) ............................. 11

*Vemco, Inc. v. Camardella,* 23 F.3d 129 (6th Cir. 1994)............................... 13

*Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771 (7th Cir. 1994) ......... 2, 5, 10

*Villareal v. Arnold,* 2016 WL 7374272 (N.D. Ill. Dec. 20, 2016)........................ 4, 20

*Worldwide Directories, S.A. De C.V. v. Yahoo! Inc.,*
2016 WL 1298987 (S.D.N.Y. March 31, 2016) ............................................ 11

**<u>Statutes</u>**

18 U.S.C. § 1951 ................................................................................................. 12
18 U.S.C. § 1961 ......................................................................................... 2, 9, 11
18 U.S.C. § 1962 ................................................................................................... 5
18 U.S.C. § 1964 ............................................................................................. 5, 17
28 U.S.C. § 2283 ................................................................................................. 19
28 U.S.C. § 1651 ................................................................................................. 18

## Introduction

Edelson PC ("Edelson") is a Chicago law firm in the business of filing consumer class actions. It is lead counsel in a case called *Clark v. Gannett Co.* in the Circuit Court of Cook County. Complt. ¶ 61. C. Jeffrey Thut is a personal injury attorney in Waukegan. Complt. ¶ 51. He is a partner in the law firm of Noonan Perillo & Thut Ltd. Complt. ¶ 14. (Mr. Thut and his firm are collectively referred to as "Thut" hereafter.) Thut's involvement in class-action cases began in July 2015, and he has been involved in only a small handful of cases in which he was local or co-counsel or a member of the class who objected. Complt. ¶¶ 51-52, 54. Two other defendants in the instant lawsuit and their law firms are alleged to have filed objections in a large number of class actions. Complt. ¶¶ 36, 44.

The complaint alleges that about two months ago, Thut filed an objection, acting as local counsel for another law firm, to the fairness of the consumer class-action settlement in the *Gannett* case. Complt. ¶¶61, 85(e). Edelson thinks that the objection was frivolous and was made not to improve the settlement for the class but rather for the improper purpose of delaying the final resolution of the case in order to cause class counsel pay the objectors to "go away." (Complt. ¶¶ 1-2.) The complaint says that there was a mediation of the objection and that a different defendant made an extortionate settlement demand during that mediation. He does not allege that Thut made any settlement demand at all and in fact indicates that Thut did not even participate in the mediation. See Complt. ¶ 112(e). Edelson nevertheless alleges that Thut committed the federal crimes of extortion and wire fraud, and then attempts to bootstrap that claim into a charge that Thut conducted a racketeering enterprise.

This case is the poster-child for frivolous civil RICO cases, a fact that is evident from even the most elementary review of RICO case law. It comes nowhere close to satisfying the

1

plausibility test of *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007), and indeed, cannot satisfy any of the elements of the statute.

First, RICO requires that the plaintiff describe an ongoing enterprise that has an existence, a structure, shared goals, a hierarchy and roles and that the enterprise be separate both from the defendants and from the racketeering acts. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The Seventh Circuit has held over and over in dismissing allegations like this one that it is not enough to simply join a group of individuals together and call them an association-in-fact, *id.; Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 2000), but that is all this complaint does. Complt. ¶ 77.

Second, RICO requires a pattern of racketeering activity, that is, (a) multiple predicate offenses from the list laid out in 18 U.S.C. § 1961(1) that (b) must be connected by continuity and relatedness. *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 779 (7th Cir. 1994). The complaint fails these requirements. Edelson does not allege multiple predicate acts; rather, it alleges one predicate act—the *Gannett* case settlement discussions—which it attempts to multiply by characterizing the same act as both Hobbs Act extortion and wire fraud.[1] The case law makes clear that violations of different statutes in the course of an activity does not constitute multiple racketeering acts.

The complaint also seemingly overlooks the fact that the courts have held in case after case that even completely baseless legal claims and demands, even when filed systematically, do not, as a matter of law amount to extortion under the Hobbs Act. *See, e.g.*, *Kimberlin v. Nat'l Bloggers*

---

[1] There are references to the dozens of objections two of the other defendants (not Thut) have filed to class actions, and to the fact that at least a couple of courts have found that the conduct of these other individuals was improper. The references to other matters cited do not even attempt to plead any of the elements of any predicate offense, and the plaintiff admits that the only racketeering act committed against it was in connection with *Gannett*. Complt. ¶¶ 89, 107-109.

*Club*, 2015 WL 1242763, at *8 (D. Md. Mar. 17, 2015); *Town of Gulf Stream v. O'Boyle*, 654 Fed. Appx. 439, 443 (11th Cir. 2016). The attempt to charge the conduct as a wire fraud fails for different reasons, among them that the alleged falsity (that the objection was non-frivolous, Complt. ¶ 107) is a statement of a legal opinion which, as a matter of law, is not a fraudulent representation of fact subject to prosecution as wire fraud. *Equity Capital Corp. v. Kreider Transp. Service, Inc.,* 967 F.2d 249, 254 (7th Cir. 1992). [2]

Third, a violation of 18 U.S.C. § 1962(c) requires that a defendant direct or manage the affairs of the enterprise. *Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 727 (7th Cir. 1998). The complaint here says that Thut's role in the enterprise was to file an objection as local counsel. Complt. ¶ 85(e). There is not a single allegation suggesting that he directed or managed anything; indeed, the thrust of the complaint is to the contrary.

Fourth, a civil RICO violation requires that the plaintiff suffer an injury to its "business or property," which also means that it be the direct victim of the racketeering. 18 U.S.C. 1964(c); *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992). Plaintiff alleges that it was asked to settle the objections for $225,000, Complt. ¶ 109, but does not and cannot allege that it paid that or any money to settle. It suffered no injury. In any event, the direct victim of an attempt to hold up a class settlement would be the class, not its lawyers.

The other two counts of the complaint, seeking an injunction under the All Writs Act (Count 2) and abuse of process (Count 3) are just as absurd. A district court only has power under the All Writs Act to issue a writ in aid of its jurisdiction, that is, to prevent the frustration of other orders it has issued. *Tropf v. Fidelity Nat. Title Ins. Co.,* 289 F.3d 929 (6th Cir. 2002). As there is no such order here, there is no basis for the writ. And contrary to plaintiff's mistaken

---

[2] A third version of the supposed predicate racketeering act proffered by Edelson is a violation of the Illinois Attorney Act, which is conspicuous by its absence in Section 1961(1).

understanding, an abuse of process claim only lies where a litigant has unlawfully caused the issuance of process by the court under its official seal, not to remedy a pleading that a litigant thinks is frivolous or unwarranted. *Villareal v. Arnold*, 2016 WL 7374272 (N.D. Ill. Dec. 20, 2016). There is and can be no allegation here that the state court was induced to falsely issue any process under seal.

**I.    The Complaint Utterly Fails to State a Claim Under RICO.**

"Civil RICO is an unusually potent weapon—the litigation equivalent of a thermonuclear device." *Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 44 (1st Cir. 1991). The mere assertion of a RICO claim has severe stigmatizing effects on the named defendants; thus, courts "should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Figueroa Ruiz v. Alegria,* 896 F.2d 645, 650 (1st Cir. 1990).

A.    <u>The Relevant Pleading Standards</u>

A complaint must allege sufficient facts to show that is "plausible on its face." *Twombly*, 550 U.S. at 570. The complaint must contain more than mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For complex cases, like RICO claims, a fuller set of factual allegations may be necessary to show that relief is plausible. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). And any fraud allegations in a RICO complaint must, of course, be pled with the particularity required by Rule 9(b). *Slaney v. The Intern. Amateur Athletic Federation*, 244 F.3d 580, 596 (7th Cir. 2001); *Menzies v. Seyfarth Shaw LLP*, No. 15 C 3403, 2016 WL 3854626, at *2 (N.D. Ill. July 15, 2016). Additionally, in a multiple defendant case, Rule 9(b) requires a RICO plaintiff to plead sufficient facts to notify each defendant of his alleged participation in the scheme. *Goren,* 156 F.3d at 726.

B.      <u>The Elements of a RICO Claim</u>

Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c). To establish a RICO claim under this section, a plaintiff must allege and prove: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Vicom,* 20 F.3d at 778. In addition, the plaintiff must demonstrate that a particular defendant has "participate[d], directly or indirectly, <u>in the conduct of such enterprise's affairs</u>." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (emphasis added). To do so, the person must "have some part in directing those affairs." *Id.*

A conspiracy charge under Section 1962(d) requires proof that a defendant joined an agreement to participate in "an endeavor which, if completed, would satisfy all of the elements" of a substantive violation of RICO, here, the elements of the § 1962(c)…" *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 964 (7th Cir. 2000); *Menzies* 2016 WL 3854626, at *7.[3] Under either of these sections, only the direct victim of the RICO violation who has been injured in his "business or property" may maintain a claim. 18 U.S.C. §1964(c).

C.      <u>The Complaint Here Does Not Allege a RICO "Enterprise."</u>

The complaint describes the supposed "enterprise" as "an association-in-fact comprised of the <u>Defendants and others, known and unknown</u>, who are engaged in and whose activities affect interstate commerce and which have affected and damaged interstate commercial activity." Complt. ¶77 (emphasis added). Its alleged goal is to make money by illegally demanding payments from class action settlements. Complt. ¶ 78.

---

[3] Edelson appears to be alleging a substantive RICO violation under Section 1962(c), not a conspiracy under 1962(d), but never really troubles to make it clear. This failure alone renders the complaint improper. In any event, he has not properly charged a violation of either section.

This comes nowhere close to alleging a proper RICO enterprise. The hallmark of an enterprise is structure. *Richmond,* 52 F.3d at 645. A RICO enterprise must have "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision making." *Stachon,* 229 F.3d at 675; *D.M. Robinson Chiropractic, S.C. v. Encompass Ins. Co. of Am.*, 2013 WL 1286696, at *9 (N.D. Ill. Mar. 28, 2013) (Pallmeyer, J.). The enterprise must be separate from the defendants who supposedly comprise it. *Richmond,* 52 F.3d at 646 (plaintiff failed to describe association-in-fact enterprise where it just named a string of entities and asserted they were an enterprise)*; Crichton v. Golden Rule Ins. Co.,* 576 F.3d 392, 398 (7th Cir. 2009) (same). This is because RICO "liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their *own* affairs." *Crichton*, 576 F.3d at 398 (citing *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993)). "[T]he shared goal of financial profit, by each party conducting its own business, does not qualify as a 'common purpose' under RICO." *D.M. Robinson Chiropractic,* 2013 WL 1286696, at *9. Moreover, the structure of the enterprise must also be separate from the predicate acts. *Richmond*, 52 F.3d at 645; *D.M. Robinson Chiropractic*, 2013 WL 1286696, at *9.

The "nebulous, open-ended description," *Richmond,* 52 F.3d at 645, of the enterprise offered in this complaint is nothing but a naked assertion that the defendants and some supposedly known and unknown persons form an association-in-fact. Complt. ¶ 77. That is precisely the "enterprise" allegation that the Seventh Circuit and the district courts have condemned time and again. As the court explained in *Stachon*, "we cannot accept [plaintiffs'] vague allegations of a RICO enterprise made up of a string of participants, known and unknown, lacking any distinct existence and structure." 229 F.3d at 676; *Richmond*, 52 F.3d at 646 (same); *Bachman v. Bear,*

*Stearns & Co., Inc.*, 178 F.3d 930, 932 (7th Cir. 1999) (affirming dismissal of RICO claim for failure to allege a proper enterprise); *Crichton v. Golden Rule Ins. Co.,* 576 F.3d 392, 398 (7th Cir. 2009) (same); *Jennings v. Emry,* 910 F.2d 1434, 1439-40 (7th Cir. 1990) (same); *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1136 (7th Cir. 1986).

The complaint does not allege or even hint at any ongoing structure. It does not describe a hierarchy or organization, let alone say anything about how decisions are made. The clear import of the factual allegations of the complaint (as opposed to the rhetoric) is Bandas and Palmer appear to have <u>individually</u>—that is, not together and certainly not with Thut—pursued many class-settlement objections over the years, which does not make them part of an enterprise. Thut, on the allegations of the complaint, has a diverse law practice and has acted as local counsel for Bandas on a couple of occasions and had no involvement at all in class actions until mid-2015. Complt. ¶¶ 51-52. This is the opposite of an enterprise. There is no shared goal, only the alleged goal that each one of the alleged participants wanted to make money. *D.M. Robinson Chiropractic,* 2013 WL 1286696, at *9. And the complaint does not charge an enterprise that is separate either from the individuals or from the racketeering act alleged; to the contrary, it explicitly equates the enterprise with the defendants and the specified act.

*Richmond*, *Crichton, Stachon*, *Jennings*, *Bachman*, *DM Robinson Chiropractic* and countless other cases involve precisely the same enterprise allegation at issue here—collecting a group of individuals and calling them an association-in-fact—and such claims are universally dismissed. Because Edelson here cannot distinguish its "enterprise" from those rejected in these cases, it has not alleged a plausible enterprise, and the RICO claim must be dismissed.

D.      The Complaint Does Not Allege That Thut Directed the Affairs of the Supposed
        Enterprise.

Edelson's complaint proceeds on the assumption that if Thut participated in any alleged illegal activity, he can be held liable under the racketeering statute, but that understanding, too, is seriously wrong.  In order to satisfy the "conduct" element of § 1962(c), a plaintiff must allege that the defendant "participated in the operation or management of the enterprise itself," and that the defendant played "some part in directing the enterprise's affairs." *Goren,* 156 F.3d at 727 (emphasis added) (dismissing RICO complaint).   "Mere participation in the activities of the enterprise is insufficient; the defendant must participate in the operation or management of the enterprise." *Id.*

There is nothing in the complaint to suggest that Thut directed, managed or played even a small role in directing or managing the alleged enterprise.  He is not claimed to have any role in making decisions on behalf of the enterprise, determining how it should operate, or anything else.  Complt. ¶¶ 51-52, 54.  The complaint explicitly alleges that the only thing he is alleged to have done to "conduct" the affairs of the enterprise was to file an individual's objection as local counsel for Bandas.  Complt. ¶¶85(e); 61.  That allegation in fact establishes that he did not conduct anything.  Because there is—and can be—no allegation that Thut "conducted" the affairs of the enterprise within the meaning of the RICO statute, the claim must be dismissed against him.

While Edelson does not allege a RICO conspiracy under § 1962(d), even had he done so, this claim likewise would fail. The RICO conspiracy provision does not "criminalize mere association with an enterprise"; rather, the "touchstone of liability…is an agreement to participate in an endeavor which, if completed, would constitute a violation of the substantive statute." *Goren*, 156 F.3d at 732. Accordingly, in order to plead a viable § 1962(d) claim, a plaintiff must allege that a defendant "agreed to the objective of a violation of RICO." *Id.* (dismissing § 1962(d) claim

against defendants where plaintiff failed to allege the roles they played or facts setting forth any agreements by the individuals to participate in the RICO enterprise); *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 783-84 (7th Cir. 1999) (same); *Slaney*, 244 F.3d at 600 (dismissing RICO conspiracy claim where plaintiff's complaint was "wanting for any allegation that [defendant] agreed to violate RICO"). Here, too, Edelson fails to allege any facts showing that Thut entered into an agreement to violate RICO.

      E.    <u>Plaintiff Has Not Properly Alleged Racketeering Activity, Much Less a "Pattern of Racketeering Activity."</u>

          1.    <u>The requirements of racketeering activity and a pattern</u>

"Congress passed RICO in an effort to combat organized, long-term criminal activity… [T]he statute was never intended to allow plaintiffs to turn garden-variety state law fraud claims into federal RICO actions." *Jennings v. Auto Meter Products, Inc.,* 495 F.3d 466, 472 (7th Cir. 2007).

"Racketeering activity" is a defined term limited to violation of designated federal and state laws. 18 U.S.C. § 1961 (1). A "pattern of racketeering activity" requires a showing of at least two predicate acts of racketeering. 18 U.S.C. § 1961(5). For a substantive RICO violation, § 1962(c), the particular defendant must agree to personally commit at least two such acts. *Goren*, 156 F.3d at 729; *Slaney*, 244 F.3d at 597-98; *Lachmund,* 191 F.3d at 783-84. For a RICO conspiracy, § 1962(d), he must agree that someone commit two such acts. *Goren*, 156 F.3d at 731-32; *Lachmund,* 191 F.3d at 785; *Slaney,* 244 F.3d at 600.

Multiple racketeering acts are a necessary but not a sufficient condition for violation of the statute. The "pattern of racketeering activity" requirement means that a plaintiff must do more than allege "a multiplicity of racketeering predicates." *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 238 (1989). A "plaintiff . . . must show that the racketeering predicates are

related, and that they amount to or pose a threat of continued criminal activity." *Vicom,* 20 F.3d at 779, *citing, H.J., Inc.,* 492 U.S. at 239. This is referred to as the "continuity plus relationship" test. The relationship part of the test requires that the predicate acts be "committed somewhat closely in time to one another, involve the same victim or involve the same type of misconduct." *Id.* The continuity prong is analyzed as either a closed-ended or open-ended concept and refers to either a closed period of repeated conduct or to past conduct that by its nature projects into the future with a threat of repetition. *Id.*

Close-ended continuity requires a "series of related predicates extending over a substantial period of time." *Vicom,* 20 F.3d at 779. Courts place great weight on the length of the time over which the alleged predicate acts have spanned. *Id.* at 781 (stating that "duration is the single most important aspect of the closed-ended continuity analysis."); *Hughes v. Consol-Pennsylvania Coal Co.,* 945 F.2d 594, 610 (3d Cir. 1991). Open-ended continuity refers to past conduct that by its nature projects into the future with a threat of repetition. *Vicom,* 20 F.3d at 782. Open-ended continuity is present when: (1) a specific threat of repetition exists; (2) the predicates are a regular way of conducting an ongoing legitimate business; or (3) the predicates can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes. *Id.*

2. <u>Edelson has not alleged multiple racketeering acts or that Thut agreed to the commission of multiple racketeering acts.</u>

Edelson does not allege that Thut personally committed or agreed to the commission of multiple racketeering acts. In fact, the complaint does not even purport to allege multiple racketeering acts. Rather, it alleges a single racketeering act which it characterizes as both wire fraud and extortion.

The only predicate act it alleges against anyone is the claimed unlawful attempt to obtain money from the class in the *Gannett* case, which it asserts violated both the Hobbs Act and the

wire fraud statute. Complt. ¶¶ 91-95 (*Gannett* "extortion"); ¶¶105-113 (*Gannett* "wire fraud"). While Edelson refers loosely to allegedly frivolous objections in other cases involving Bandas and Palmer, these are not included in the allegations of the predicate racketeering acts, and Edelson makes no effort to allege the elements of extortion or wire fraud in connection with any incident other than the *Gannett* case. See *Nowicki v. Delao*, 2013 WL 500589 (7th Cir. 2013) (rejecting conclusory and speculative allegations beyond the alleged predicate). Indeed, Edelson admits that it was not the "victim" in any other case. Complt. ¶ 89.

This is a single predicate act, not a pattern of racketeering activity. Edelson seemingly thinks it can be converted into three predicates by the alchemy of alleging the same event as constituting three different offenses. That is simply not the law. A single act that violates two different statutes cannot be the basis of a pattern of racketeering. *United States. v. Kragness,* 830 F.2d 842, 861 (8th Cir. 1987) (importation and possession with intent to distribute relating to the same drugs); *United States v. Walgren,* 885 F.2d 1417, 1425 (9th Cir. 1989) (extortion and bribery); *Reich v. Lopez,* 38 F Supp. 3d 436, 446 (S.D.N.Y. 2014) (Travel Act and Foreign Corrupt Practices Act); *Worldwide Directories, S.A. De C.V. v. Yahoo! Inc.,* 2016 WL 1298987, at *9 (S.D.N.Y. March 31, 2016) (mail fraud, Travel Act and wire fraud); *Elliott v. Chicago Motor Club Ins.,* 809 F.2d 347, 349-50 (7th Cir. 1986) (multiple mail frauds involving same scheme). If it if were, the multiplicity and pattern requirements would be meaningless. A wire fraud and an extortion involving the same unlawful conduct is a single racketeering act.[4] Because there is only one act at issue, Edelson cannot show multiplicity, let alone continuity, relatedness or pattern.

---

[4] The attempt to characterize a violation of the Illinois Attorney Practice Act as a predicate RICO offense is, of course, preposterous. Offenses that may constitute RICO predicates are identified in the exclusive list established by Congress, and pretending to be an attorney licensed to practice in a state is not one of them. See 18 U.S.C. § 1961 (1).

3.     <u>The complaint does not allege extortion as a matter of law.</u>

Even if Edelson had alleged multiple acts, both the claimed extortion and wire fraud allegations fail as a matter of law.

Hobbs Act extortion requires proof that the defendant has obtained (or attempted to obtain) "property from another, with his consent, induced by the wrongful use of actual or threatened force, violence or fear." 18 U.S.C. § 1951 (a)(2). As the cases make crystal clear, Edelson's allegations here fall far short of constituting extortion.

"The mere act of filing a lawsuit and demanding a settlement agreement, however baseless the lawsuit or settlement demand may be, does not qualify as 'extortion' under § 1951." *Kimberlin v. Nat'l Bloggers Club*, 2015 WL 1242763, at *8 (D. Md. Mar. 17, 2015) (dismissing RICO claim in which plaintiff alleged that the RICO defendants extorted him by filing a malicious federal lawsuit and then demanding that his employer fire him and turn over protected business documents in exchange for a settlement); *Atl. Recording Corp. v. Raleigh*, 2008 WL 3890387, at *5 (E.D. Mo. Aug. 18, 2008); *Heights Cmty. Cong. v. Smythe, Cramer Co.,* 862 F. Supp. 204, 207 (N.D. Ohio 1994).

Such actions, as a matter of law, do not amount to the illegal infliction of "fear" within the meaning of the Hobbs Act. *I.S. Joseph Co., Inc. v. J. Lauritzen A/S,* 751 F.2d 265, 267 (8th Cir. 1984). Indeed, every court of appeals to confront a Hobbs Act extortion predicate based on frivolous litigation or settlement demands has dismissed the claim. *FindTheBest.com, Inc., v. Lumen View Technology, LLC*, 20 F.Supp.3d 451, 457 (S.D.N.Y. 2014) (dismissing RICO Hobbs Act claim). *See, e.g.*, *Nowicki v. Delao*, 2013 WL 500589 *2 (7th Cir. 2013) (even if defendant's settlement demand was based on a false claim and made for bad motives, it did not constitute

extortion as a matter of law); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003) (filing lawsuits involving false pleadings in order tie plaintiff up in court not extortion); *I.S. Joseph Co., Inc.,* 751 F.2d at 267 (threats to sue, even if groundless and made in bad faith, do not violate the Hobbs Act); *First Pac. Bancorp, Inc. v. Bro,* 847 F.2d 542, 547 (9th Cir. 1988); *Vemco, Inc. v. Camardella*, 23 F.3d 129, 134 (6th Cir. 1994) ("A threat of litigation if a party fails to fulfill even a fraudulent contract ... does not constitute extortion."); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n,* 776 F.3d 1343, 1349 (Fed. Cir. 2014) (affirming dismissal of RICO claim); *Town of Gulf Stream v. O'Boyle*, 654 Fed. Appx. 439, 443 (11th Cir. 2016).

Not surprisingly, the district courts have also consistently rejected malicious and unfounded litigation and settlement demands as constituting Hobbs Act extortion for RICO purposes. "The law is clear that litigation—even if frivolous or malicious—cannot constitute extortion." *Ritchie v. N. Leasing Sys., Inc*., 2016 WL 1241531, at *13 (S.D.N.Y. Mar. 28, 2016) (rejecting Hobbs Act claim); *Clark v. Chowdry*, 2016 WL 3541248 *5, n. 5 (D. Md. June 29, 2016) (merely filing a lawsuit and demanding a settlement, regardless of how baseless the lawsuit or demand may be, does not qualify as extortion); *Grauberger v. St. Francis Hospital*, 169 F. Supp. 2d 1172, 1178 (N.D. Cal. Nov. 6, 2001) (improper legal filings better addressed through state tort remedies than RICO); *FindTheBest.com,* 20 F.Supp.3d at 457.[5]

The rule is the same even where the alleged misconduct involves the alleged "systematic use of unjustified lawsuits as part of a more extensive extortion scheme to obtain money." *Town of Gulf Stream v. O'Boyle*, 654 Fed. Appx. 439, 443 (11th Cir. 2016); *Harris Custom Builders, Inc. v. Hoffmeyer*, 1994 WL 329962 *4 (N.D. Ill. 1994). There are sound policy reasons

---

[5] While class actions and the lawyers involved in bringing them are sometimes accused by the courts of "extortionate" conduct, see, *e.g.*, *Thorogood v. Sears, Roebuck and Co.*, 678 F.3d 546, 550 (7th Cir. 2012), no one would seriously suggest that such conduct is prosecutable under the Hobbs Act.

underlying the courts' refusal to allow the initiation of meritless litigation as a RICO predicate act. *FindTheBest.com,* 20 F. Supp. 3d at 457.  To do so would give complainants unprecedented access to federal courts and the treble damages authorized by the statute and would risk chilling parties' use of the judicial system to resolve their disputes.  *Id.; Ritchie*, 2016 WL 1241531, at *13.

Moreover, a threat of economic harm made under any claim of right cannot be extortion. *United States v. Sturm*, 870 F.2d 769, 773 (1st Cir. 1989).  In *Rennell v. Rowe*, 2010 WL 99409 (N.D. Ill. 2010), the plaintiff, like Edelson here, alleged that he was the victim of racketeering with extortion as the predicate when he secured a termination release from a joint venture to his partner at a low price based on his partner's threat that he would get nothing if he did not accept within 24 hours.  This court dismissed, holding that because the defendant had a claim of right, there was no extortion. *Id.* at *3. The Seventh Circuit affirmed, *Rennell v. Rowe*, 635 F.3d 1008, 1014 (7th Cir. 2011).

There was no Hobbs Act violation here.  Edelson, a sophisticated lawyer, received a settlement demand.  Even if the demand were groundless and in bad faith, and even if it were part of a systematic pattern, it does not amount to extortion as a matter of law.

4.     <u>The complaint does not allege the wire fraud predicate as a matter of law.</u>

To satisfy the wire fraud statute, the plaintiff must establish that the defendant (1) was involved in a scheme to defraud; (2) had an intent to defraud; and (3) used the wires in furtherance of the scheme.  *United States v. Weimert*, 819 F.3d 351, 355 (7th Cir. 2016).  A scheme to defraud, in turn, requires allegations and proof that the defendant (a) made a false statement or representation and (b) that it was material.  *Id.*

In the context of a civil RICO claim alleging a predicate of wire fraud, the particularity rules of Rule 9(b) apply. *Slaney v. The Intern. Amateur Athletic Federation*, 244 F.3d 580, 597

(7th Cir. 2001). In addition, the plaintiff is not permitted to engage in "group pleading" by lumping defendants together under the rubric "defendants." *Goren,* 156 F.3d at 727; see *D.M. Robinson Chiropractic,* 2013 WL 1286696 *7.

Edelson's complaint badly fails both the pleading and substantive requirements for wire fraud. A single "misrepresentation" is alleged, namely, that an unspecified defendant represented that there was a non-frivolous objection to the *Gannett* settlement. Complt. ¶ 107. The complaint does not say who made the statement, who heard the statement, what the provisions of the *Gannett* settlement were, what the objections were to the *Gannett* settlement, or why they were frivolous. These failures to plead the specifics of the alleged misrepresentation, by themselves, require dismissal. The pleading is particularly absurd as to Thut, who—on the allegations of the complaint itself—could not have made or supported the assertion because he did not participate in the mediation, did not know anything about the case and merely accepted the assertions in Bandas' complaint as true. Complt. ¶ 61. To try and obscure the lack of substantive allegations against Thut, the complaint adopts the forbidden mechanism of alleging various acts as having been committed by "defendants" instead of by an individual defendant as required.

Wholly apart from the lack of particularity, the wire fraud claim fails for failure to properly plead the substantive elements of the offense. The statement at issue is not a misrepresentation of fact, but rather an opinion about a legal concept (frivolousness). Complt. ¶¶ 107-109. Statements of legal opinions are not actionable as fraud. *Equity Capital Corp. v. Kreider Transp. Service, Inc.,* 967 F.2d 249, 254 (7th Cir. 1992) (opinion about zoning violations); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004) (opinion about entitlement to overtime); *Quant v. Smithkline Beecham Corp.*, 149 Fed. Appx. 668, 669 (9th Cir. 2005) (statement that hiring process

was lawful); *LaScola v. U.S. Sprint Communications*, 946 F.2d 559, 568 (7th Cir. 1991) (opinion that company conducted business in accordance with law).

In addition, the alleged assertion about non-frivolousness was made in the context of an arms'-length negotiation. Thus, this case falls squarely within the rule of *United States v. Weimert*, 819 F.3d 351, 358 (7th Cir. 2016). There, a defendant who had misled others about negotiating positions, including the preferences, value and priorities of other participants in the context of a commercial negotiation, was indicted and convicted for wire fraud. The Seventh Circuit reversed, holding that there were no factual misrepresentations, relying in part on the Restatement (Second) of Torts principle that statements of opinions cannot support a fraud claim. The rule applies with even more force, where, as here, there were two opposing lawyers, one of whom (Edelson) apparently thought the objection was frivolous and another of whom apparently believed the contrary.

For the same reason, the wire fraud allegation also fails the separate requirement that any false representation be material. To be material, the representation must be "predictably capable of affecting" the recipient's decision. *United States v. Clark*, 787 F.3d 451, 459 (7th Cir. 2015) (finding government introduced no evidence from which jury could find certain charged false statements were material). No one could seriously contend that the representation by an objector's lawyer that an objection was not frivolous, in the context of the allegations of this case, could predictably or even possibly affect Edelson's decision to settle. Notably, the complaint is completely silent on the materiality element of wire fraud, and does not even hint that Edelson was taken in by any such representation. *See FindTheBest.com*, 20 F. Supp. 3d at 459 (holding plaintiff failed to plead wire or mail fraud predicate acts in support of its RICO claim and stating "FTB's complaint does not plausibly allege reliance on any of the Defendants' misrepresentations...

16

Moreover, FTB had no reason to rely on any of the Defendants' representations in evaluating whether they were infringing the patent.").

      F.      <u>Plaintiff Does Not and Cannot Allege an "Injury to His Business or Property," That It Has Suffered a "Direct Injury," or That the Conduct Proximately Caused an Injury.</u>

RICO provides a private cause of action only to a "person injured in his business or property by reason of a violation of Section 1962…" 18 U.S.C. § 1964(c); *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090, 2106 (2016). Only the direct victim of a RICO violation may maintain a cause of action. *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992) (fraud against broker-dealers that left them unable to pay customers' claims did not support RICO claim); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) (competitor could not claim RICO violation for indirect harm resulting from fraud on the state). "[T]he central question . . . is whether the alleged violation led directly to plaintiff's injuries." *Anza,* 547 U.S. at 461. Harm that is purely contingent on the harm suffered by others is insufficient. *Holmes,* 503 U.S. at 271.

If any extortion by an objector's counsel were to occur, the direct injury would be to the class, not to its counsel. Class counsel are not parties in interest to class actions, and the obligation of counsel is "to provide the relief guaranteed through the settlement to the class members…" Complt. ¶ 64. Thus, the direct victim of the alleged misconduct would not be the Edelson firm, but rather the class it represented. Any harm to Edelson, as class counsel, would be purely contingent and too remote to amount to a RICO injury. *Holmes,* 503 U.S. at 271.

But even assuming that Edelson could be a direct victim, it would have to allege and prove an actual injury to its business or property proximately caused by the racketeering conduct. *Reynolds v. East Dyer Development Co.*, 882 F.2d 1249, 1253 (7th Cir. 1989). While Edelson has

alleged a demand for money, it has not alleged that it suffered any injury to its business or property because it does not (and cannot) allege that it actually paid anything. See *Jones v. Griggs*, 612 F. Appx. 395, 397 (7th Cir. 2015) (even attempts to intimidate a litigant and interfere with his proceedings in federal court are not an injury to his business or property).

And even if Edelson had paid, it could not satisfy the requirement that any misrepresentation amounting to wire fraud proximately caused his RICO injury under 1964(c). That is because, on the allegations of its own complaint, *e.g.,* Complt. ¶ 61, Edelson knew that the representation at issue (the non-frivolousness of the objection) was false. *See Reynolds,* 882 F.2d at 1253 (dismissing plaintiff's RICO claim predicated on mail fraud where the undisputed facts showed that the plaintiff knew the truth about the alleged fraud); *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 747 (3d Cir. 1996) (dismissing RICO claim in which plaintiff claimed defendant was committing mail and wire fraud by departing upward from a contract's pricing scheme where plaintiff knew that defendant was not complying with the contract.).

## II.    The All Writs Act Count Is Also Frivolous and Must Be Dismissed.

Plaintiff also complains that the court should issue a permanent injunction against the six defendants and at least twenty unknown persons from, among other things, filing any objections to any class action settlements. This request should be summarily dismissed.

The All Writs Act, 28 U.S.C. §1651(a), allows a District Court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The All Writs Act only authorizes the issuance of writs "in aid of . . . jurisdiction." *Tropf v. Fidelity Nat. Title Ins. Co.,* 289 F.3d 929, 943 (6th Cir. 2002); *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1110 (11th Cir. 2004). This means that a federal court has power "to issue such commands. . . as may be necessary or appropriate <u>to effectuate and prevent the frustration of orders it has previously issued</u> in its exercise of jurisdiction otherwise obtained." *Pennsylvania Bureau*

18

*of Correction v. U.S. Marshals Service,* 474 U.S. 34, 40 (1985) (emphasis added). The Act does not create any substantive federal jurisdiction; instead, it is a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004).

That principle is the start and end of the matter. The plaintiff has not and cannot allege that this Court has issued any prior order at all in need of effectuation. And because there is no such order, there can be no risk of its frustration.[6]

Moreover, in light of the seriousness of restricting litigants' constitutional right to access to the courts, pre-filing injunctions such as the one requested in this case "should be a remedy of last resort." *Ringgold-Lockhart v. County of Los Angeles,* 761 F.3d 1057, 1062 (9th Cir. 2014), *citing, Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 818 (4th Cir. 2004). When other remedies are adequate to protect the courts and other parties, such as sanctions under Federal Rule of Civil Procedure 11 or Illinois Supreme Court Rule 137, a pre-filing injunction should not be entered. *See Clinton v. Goldsmith,* 526 U.S. 529, 537 (1999); *Ringgold-Lockhart,* 761 F.3d at 1062. Here, other remedies are available to protect against the conduct alleged in the Complaint, such as the pending Motion for Sanctions filed by Edelson in the *Gannett* case.

Finally, to the extent Edelson seeks an injunction requiring Defendants to withdraw any objections or appeals from overruled objections filed in state court proceedings (Cmplt. ¶ 128(4)),

---

[6] Also, a lawyer who has filed a handful of objections in distinct cases that his opponent deems meritless comes nowhere close to the concept of the rare vexatious litigant enjoined under the All Writs Act, who typically has filed <u>hundreds of cases</u> on the same subject matter. *See, e.g., Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) (defendant had filed 400 separate but similar ADA cases); *In re Green,* 669 F.2d 779, 781 (D.C.Cir.1981) (per curiam) (between 600 and 700 complaints); *In re Martin-Trigona*, 737 F.2d 1254, 1256 (2d Cir. 1984) (literally hundreds of vexatious lawsuits).

19

the requested relief violates the Anti-Injunction Act, 28 U.S.C. § 2283. *See Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 146 (1988); *Tropf,* 289 F.3d at 941.

### III.     The Abuse of Process Claim Must Be Dismissed.

The abuse of process claim is just as absurd as the RICO and All Writs counts. Edelson contends that defendants abused the "process" of unspecified courts across the country by objecting to class settlements. That contention is based on a complete misunderstanding of the tort.

Abuse of process has two elements under Illinois law: (1) the existence of an ulterior purpose or motive for the use of regular court process, and (2) an act in the use of the process not proper in the regular prosecution of the proceeding. *Doyle v. Shlensky*, 120 Ill. App. 3d 807, 816 (1st Dist. 1983); *Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 967 (1st Dist. 1972). "Process is issued by the court, under its official seal and must be distinguished from pleadings." *Doyle*, 120 Ill. App. 3d at 816 (dismissing claim for failure to allege any use of court's process); *Holiday Magic*, 4 Ill. App. 3d at 968 (same).

Just last month, Judge Shah correctly applied these principles in dismissing an abuse of process claim arising from a disputed marriage. *Villareal v. Arnold*, 2016 WL 7374272, at *3-4 (N.D. Ill. Dec. 20, 2016). There, the plaintiff claimed that defendant had abused the process of the court by filing a frivolous complaint in order to extort her. The court assumed that the defendant had filed the pleading for a forbidden purpose, but held that there was no use or abuse of process because the filing was a party's pleading and did not employ the court's process. *Id.*; *Accord HITK Corp. v. Reinhard*, 1987 WL 25354 (N.D. Ill. 1987) (dismissing abuse of process claim because it did not allege that defendant had caused court to issue an official order to do something that he would not otherwise be required to do); *Doyle*, 120 Ill. App. 3d at 816 (same); *Holiday Magic, Inc*,

4 Ill. App. 3d at 967 (same).  There was no use, much less misuse, of any court's process here as that term is defined by the common law.

## Conclusion

For the reasons stated, the complaint should be dismissed against Thut and Noonan Perillo with prejudice.


Dated: January 20, 2017                      Respectfully Submitted,

                                             /s/ Chris Gair
                                             Chris Gair (ARDC # 6190781)
                                             Kristi Nelson (ARDC # 6229943)
                                             Thomas R. Heisler (ARDC # 6296712)

                                             Gair Eberhard Nelson Dedinas Ltd
                                             1 East Wacker Drive, Suite 2600
                                             Chicago, IL 60601
                                             (312) 600-4900

21