IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Edelson P.C., | Case No. 16 CV 11057 |
| Plaintiff, | |
| v. | Judge Rebecca Pallmeyer |
| The Bandas Law Firm P.C. et al., | |
| Defendants. | |

**MOTION TO STAY DICOVERY PENDING RESOLUTION OF MOTION TO DISMISS BY DEFENDANTS NOONAN PERILLO & THUT LTD. AND C. JEFFREY THUT**

Defendants Jeffrey Thut and Noonan, Perillo & Thut Ltd. (hereinafter collectively referred to as "Thut"), by their undersigned counsel, move pursuant to Fed. R. Civ. P. 26 (c), for an order staying discovery in this matter pending resolution of Thut's Rule 12(b)(6) Motion to Dismiss the Complaint. In support of this motion, Thut states:

**INTRODUCTION**

Plaintiff's complaint attempts to allege class-action claims for a RICO violation and common law abuse of process, and it seeks an injunction under the All Writs Act. All three claims as to Thut are frivolous and cannot be cured through amendment. Accordingly, Thut has filed a Rule 12(b)(6) Motion to Dismiss the Complaint with prejudice.

Despite the patent defectiveness of its claims, which cannot be cured, plaintiff seeks to proceed with costly and burdensome discovery before the Court has ruled on Thut's motion to dismiss. Courts routinely grant stays of discovery pending resolution of a motion to dismiss to avoid unnecessary discovery in the event the motion to dismiss is granted. This is particularly true where, as here, plaintiff's claims are "threadbare" and where a plaintiff alleges a RICO claim since

1

the discovery on such a claim is, as the Seventh Circuit has noted, "likely to be more than usually costly." *Limestone Dev. Corp. v. Vill. of Lemont, Ill.,* 520 F.3d 797, 802–04 (7th Cir.2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561 (2007). Such discovery will be exponentially greater even than that here because plaintiff seeks to proceed as a class representative of a class that could potentially implicate countless class action settlements.

Thut respectfully submits that given the deficiency of plaintiff's claims and the likely burden of discovery, discovery should be stayed pending resolution of Thut's motion to dismiss.

## ARGUMENT

The Supreme Court "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone*, 520 F.3d at 802; *Twombly,* 550 U.S. at 561; *Ashcroft v. Iqbal,* 556 U.S. 662, 664-65 (2009). Courts routinely grant stays of discovery pending resolution of a motion to dismiss to avoid unnecessary discovery in the event the motion to dismiss is granted. *See Limestone*, 520 F.3d at 802-04; *DSM Deesotech Inc. v. 3D Systems Corp.,* 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008); *Lantz v. American Honda Motor Co., Inc.,* 2007 WL 1424614, at *3 (N.D. Ill. May 14, 2007); *Stokes v. City of Chicago,* 1986 WL 12311, at *1 (N.D. Ill. Oct. 24, 1986); *Chicago Board of Options Exchange v. Connecticut General Life Ins. Co.* 95 F.R.D. 524, 525 (N.D. Ill. 1982). This is particularly true of cases, like this one, involving RICO claims. In *Limestone,* the Seventh Circuit held that cases brought under RICO, like those brought under antitrust laws, require discovery that is "likely to be more than usually costly." *Id.* at 803. Consequently, Judge Posner indicated that burdensome discovery in RICO cases during the pendency of a motion to dismiss is inappropriate. *Id.* at 802-04.

The concern here is multiplied by the fact that the plaintiff purports to act on behalf of a class that is sufficiently subjective that it could implicate countless class action settlements. Complt. ¶¶ 69-73. The plaintiff indicated in the parties' Rule 26(f) conference that it would be seeking class-wide discovery. Before the Court even considers permitting such an exercise to proceed, it should assure itself that plaintiff's complaint, which purports to allege only one predicate racketeering act in connection with one class-action settlement, states a claim. *Limestone*, 520 F.3d at 802-04; *see also Cima v. Wellpoint Health Networks, Inc.*, 2006 WL 1064054, at *4 (S.D. Ill. Apr. 20, 2006) (granting stay of discovery pending the resolution of a motion to dismiss a class action complaint as it "would be wasteful for the parties to engage in extensive discovery prior to a ruling on the motion.").

Here, the Complaint falls woefully short of the standard articulated by the Supreme Court. The Complaint comes nowhere close to indicating that plaintiff has a "substantial case" against Thut; to the contrary, all three claims are entirely without merit and are subject to Rule 12(b)(6) dismissal on numerous grounds. The RICO claim is a poster-child for frivolous civil RICO cases, defective on at least half a dozen grounds, including the following:

1. It comes nowhere close to alleging a proper RICO enterprise, but instead alleges only a loose assemblage of individuals which it calls an association-in-fact. *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000);

2. It only alleges a single predicate act, the *Gannett* case settlement discussions, when RICO requires a pattern of racketeering activity, that is, (a) multiple predicate offenses from the list laid out in 18 U.S.C. § 1961(1), that (b) must be connected by continuity and relatedness. *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 779 (7th Cir. 1994);

3. It attempts to characterize a threat of litigation and demand for settlement as extortion within the meaning of RICO despite the overwhelming legal authority that rejects this position. *See, e.g.*, *Town of Gulf Stream v. Boyle*, 654 Fed. Appx. 439, 443 (11th Cir. 2016); *Kimberlin v. Nat'l Bloggers Club*, 2015 WL 1242763, at *8 (D. Md. Mar. 17, 2015);

3

4. It fails to make any factual allegations that Thut directed or managed the affairs of the enterprise. *See Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998);

5. It fails to allege that plaintiff was the direct victim of the racketeering. *See Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992); and

6. It fails to allege that any misrepresentation amounting to wire fraud proximately caused plaintiff's RICO injury under 1964(c). *Reynolds v. East Dyer Development Co.*, 882 F.2d 1249, 1253 (7th Cir. 1989).

Plaintiff's two other claims are no better. A district court only has power under the All Writs Act to issue a writ in aid of its jurisdiction, that is, to prevent the frustration of other orders it has issued. *Tropf v. Fidelity Nat. Title Ins. Co.,* 289 F.3d 929, 942 (6th Cir. 2002). As there is no such order here, there is no basis for the writ. And contrary to plaintiff's mistaken understanding, an abuse of process claim only lies where a litigant has unlawfully caused the issuance of process by the court under its official seal, not to remedy a pleading that a litigant thinks is frivolous or unwarranted. *Villareal v. Arnold*, 2016 WL 7374272 (N.D. Ill. Dec. 20, 2016). There is and can be no allegation here that the state court was induced to falsely issue any process under its seal.

Forcing Thut to respond to costly and burdensome discovery before the Court has determined whether the Complaint states a valid claim would run afoul of the policy expressed in *Limestone, Twombly,* and *Iqbal*. Judge Posner's statement in *Limestone* is appropriate here: "the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim." *Limestone*, 520 F.3d at 803. Plaintiff utterly fails to state a claim against Thut, and Thut respectfully submits that discovery should be stayed pending the resolution of Thut's dispositive motion.

## **CONCLUSION**

For the reasons stated, Thut respectfully requests that this Court order a stay of discovery as to Thut until the Court has decided its motion to dismiss.

4

Dated: January 20, 2017 　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Chris Gair
　　　　　　　　　　　　　　　　　　　　　　Chris Gair (ARDC # 6190781)
　　　　　　　　　　　　　　　　　　　　　　Kristi Nelson (ARDC # 6229943)
　　　　　　　　　　　　　　　　　　　　　　Thomas R. Heisler (ARDC # 6296712)

　　　　　　　　　　　　　　　　　　　　　　Gair Eberhard Nelson Dedinas Ltd
　　　　　　　　　　　　　　　　　　　　　　1 East Wacker Drive, Suite 2600
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　　　(312) 600-4900