IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE BANDAS LAW FIRM PC, a Texas professional corporation, CHRISTOPHER BANDAS, an individual, LAW OFFICES OF DARRELL PALMER PC d/b/a DARRELL PALMER LAW OFFICE, a suspended California professional corporation, JOSEPH DARRELL PALMER, an individual, NOONAN PERILLO & THUT LTD., an Illinois corporation, C. JEFFERY THUT, an individual, GARY STEWART, an individual, and JOHN DOES 1-20,<br><br>　　　　Defendants. | Case No. 1:16-cv-11057 |

**CHRISTOPHER BANDAS AND THE BANDAS LAW FIRM PC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY UNTIL DISPOSITION OF THEIR MOTION TO DISMISS**

　　NOW COMES Defendants, Christopher Bandas and the Bandas Law Firm PC (collectively, the "Bandas Defendants"), and pursuant to Federal Rule of Civil Procedure 26(c), respectfully move the Court in good faith to enter an order imposing a stay on all discovery until the Court rules on the Bandas Defendants' motion to dismiss. The Court should impose a stay on discovery because the Bandas Defendants' motion to dismiss involves the dispositive threshold issue of federal jurisdiction.

**BACKGROUND**

　　This purported civil Racketeer Influenced and Corrupt Organizations Act ("RICO") case, was filed by the Edelson PC law firm ("Edelson") against one of its clients, Gary Stewart, as

well as against others, including Christopher Bandas, in retaliation over an objection raised in a class-action matter pending in Cook County Circuit Court--*Clark v. Gannett Co., Inc.*, Case No. 16-CH-06603. (*See* Docket No. 1 at ¶¶ 6; 8; 50). Mr. Stewart, a member of the *Gannett* class, filed an objection to the proposed class settlement on the grounds that Edelson failed to provide sufficient information to the class members, and that Edelson's proposed award of $5,000,000 in attorney's fees was excessive. (*Id.* at ¶ 61).

On November 14, 2016, the Cook County Circuit Court overruled Mr. Stewart's objection on the merits. (*Id.* at ¶¶ 50, 62, 64). Mr. Stewart's appeal of that ruling is currently pending in the Illinois Appellate Court.

On December 5, 2016, just days after an unsuccessful mediation of Mr. Stewart's objection, Edelson filed its 49-page complaint against Mr. Stewart, the Bandas Defendants, as well as two other attorneys allegedly involved in this matter. The complaint asserts a civil RICO claim, an abuse of process claim, and seeks relief under the All Writs Act. Only the RICO claim has the potential to provide federal jurisdiction to this case.

Pursuant to the Court's recent order, all Defendants have until January 31, 2017, to file their answer or other responsive pleading. (Docket No. 12). The Defendants notified both Edelson and the Court that they intend to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a RICO claim, which would effectively remove any basis for federal jurisdiction over this matter.

On January 17, 2017, the parties conducted their Rule 26(f) conference, at which they discussed the Bandas Defendants' request for a stay of discovery pending the Court's ruling on the Defendants' motions to dismiss. The parties did not agree to stay discovery, which now prompts this motion by the Bandas Defendants. The Bandas Defendants are concerned that

Edelson will seek to impose burdensome discovery requests meant solely to harass and impose excessive costs upon the Bandas Defendants, as well as distract from the essential issue of whether there is federal jurisdiction.

To prevent imposing undue costs or allowing Edelson to harass the Bandas Defendants, as well as to eliminate distractions that could divert the Court's attention on the threshold and dispositive issue of whether there is federal jurisdiction in this case; the Bandas Defendants respectfully file this motion to stay all discovery until the Court rules on its motion to dismiss.

## STANDARD

Federal Rule of Civil Procedure 26(c) grants district courts considerable discretion in controlling discovery, and allows courts to stay discovery in order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

Although courts are not required to stay discovery simply because a motion to dismiss is filed, courts generally impose stays when the motion to dismiss involves a dispositive threshold issue. *See Bilal v. Wolf*, 2007 WL 1687253, at *1-2 (N.D. Ill. 2007) (citations omitted). Federal district courts in the Northern District of Illinois have frequently imposed stays in such circumstances; thereby saving all parties the vast expenses involved with discovery. *Id.* at *1 n.3 (citing nine cases from the Northern District of Illinois that imposed a stay on discovery due to a dispositive Rule 12(b)(6) motion to dismiss). In fact, the United States Supreme Court has found that, "[i]t is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters." *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988). "Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been

advised to resolve a motion to dismiss before allowing discovery." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997)).

## **ARGUMENT**

I. **The Bandas Defendants' Motion to Dismiss involves the threshold issue of jurisdiction, because if Edelson cannot state a RICO claim, then it has no basis for federal jurisdiction.**

Edelson's complaint expressly states that its only basis for federal jurisdiction is the federal RICO statute. (*See* Docket No. 1 at ¶ 17). Therefore, if the Bandas Defendants prevail on their 12(b)(6) motion to dismiss for failure to state a claim under RICO, then Edelson has no basis for federal jurisdiction.

The Seventh Circuit has cautioned that courts should be leery of allowing discovery to proceed in civil RICO cases. "[A] defendant should not be forced to undergo costly discovery unless the [RICO] complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 802–03 (7th Cir. 2008) (citations omitted); *see also Nexstar Broad., Inc. v. Granite Broad. Corp.*, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) ("Since *Twombly*, Seventh Circuit courts have taken this concern seriously, staying discovery in antitrust litigation and other complex cases."). Moreover, courts in the Northern District of Illinois have stayed discovery in RICO cases pending a defendant's Rule 12(b)(6) motion to dismiss. *See, e.g.*, *R.E. Davis Chem. Corp. v. Nalco Chem. Corp.*, 757 F. Supp. 1499, 1504 n.1 (N.D. Ill. 1990).

As a sign of good faith, the Bandas Defendants are prepared to comply with providing their initial discovery disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). However, before allowing Edelson the chance to inflict the burdens of protracted discovery upon the

Bandas Defendants, this Court should impose a stay on all discovery to determine whether the complaint states a claim for relief pursuant to the RICO statute. Otherwise, the Bandas Defendants will be forced to endure undue and prejudicial expenses in responding to Edelson's voluminous discovery requests prior to the Court determining the threshold issue of whether it has jurisdiction to hear this matter at all.

In addition, the Bandas Defendants will establish that the underlying wire fraud claim alleged in Edelson's complaint does not come close to comporting with the pleading requirements of Federal Rule of Civil Procedure 9(b). The Seventh Circuit has reiterated that one of the main purposes of the heightened pleading requirements of Rule 9(b) was to prevent "fishing expeditions" in which plaintiffs make broad allegations of fraud in order to force their way into discovery. *See Jepson, Inc. v. Makita Corp.*, 34 F.3d 1327-28 (7th Cir. 1994) (citations omitted). Congress' goal of Rule 9(b) would be thwarted by permitting Edelson to proceed with discovery despite filing a conclusory and threadbare complaint that insufficiently alleges fraud against the Bandas Defendants as a basis for its RICO claim.

**II.     The Court's ruling on the Bandas Defendants' motion to dismiss is fully dispositive because Edelson only has jurisdiction under RICO; the All Writs Act does not provide private parties with an independent basis for federal jurisdiction.**

Although Edelson's complaint only cites the RICO statute as its basis for federal jurisdiction, (*see* Docket No. 1, at ¶ 17), the complaint also asserts a count against the Bandas Defendants pursuant to the All Writs Act, 28 U.S.C. § 1651.[1] If the Court grants the Bandas Defendants' Rule 12(b)(6) motion to dismiss Edelson's RICO claim, then it will fully dispose of this case; the All Writs Act does not confer federal jurisdiction because it does not confer a private right or authorize a cause of action.

The All Writs Act states in its entirety:

---
[1] The complaint also asserts a count for abuse of process, which is a state law tort.

    (a)    The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

    (b)    An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651.

The All Writs Act grants *courts* vast authority to ensure that they have the ability to enforce their orders. It does not grant carte blanche federal jurisdiction to private parties seeking remedies from a federal court. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) ("The All Writs Act authorizes federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law,' … The Act does not enlarge our jurisdiction.") (Citations omitted); *see also Matter of VMS Securities Litig.*, 103 F.3d 1317, 1324 (7th Cir. 1996), overruled on other grounds by *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983 (7th Cir. 2010), (finding that the All Writs Act is not a "jurisdictional blank check").

In addition, at least one court in the Northern District of Illinois has found that private litigants cannot establish federal jurisdiction by asserting claims under the All Writs Act. *See Nino v. Johnson*, 16-CV-2876, 2016 WL 6995563, at *7 (N.D. Ill. Nov. 30, 2016) ("the All Writs Act … [does not] provide[] an independent basis of jurisdiction"). Therefore, the Bandas Defendants' Rule 12(b)(6) motion to dismiss would entirely dispose of the case because Edelson's only legitimate grounds for federal jurisdiction is their RICO claim.

## CONCLUSION

Therefore, for the foregoing reasons, the Bandas Defendants respectfully ask that this Court, pursuant to Rule 26(c), grant their motion and order a stay on all discovery in this matter pending the disposition of the Bandas Defendants' motion to dismiss.

        Respectfully submitted,

        CHRISTOPHER BANDAS and THE
        BANDAS LAW FIRM P.C.

        /s/    Darren VanPuymbrouck
        One of their attorneys.

Darren VanPuymbrouck
Alexander Vesselinovitch
Matthew Connelly
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6000
dvan@freeborn.com

Dated: January 23, 2017

**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that on January 23, 2017, I electronically filed the foregoing Memorandum in Support of the Bandas Defendants' Motion to Stay Discovery until Disposition of the Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Eve-Lynn J. Rapp
Benjamin Harris Richman
Rafey S. Balabanian
Edelson PC
350 N. LaSalle Street, 13th Floor
Chicago, IL 60654
(312) 589-6370
erapp@edelson.com
**Attorneys for Plaintiff**

Chris C. Gair
Kristi Lynn Nelson
Thomas R. Heisler
Gair Eberhard Nelson Dedinas Ltd
1 East Wacker Drive
Suite 2600
Chicago, IL 60601
312-600-4900
cgair@gairlawgroup.com
**Attorneys for Defendants Noonan Perillo & Thut Ltd. and C. Jeffery Thut**

/s/ Darren VanPuymbrouck