IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>THE BANDAS LAW FIRM PC, a Texas professional corporation, CHRISTOPHER BANDAS, an individual, LAW OFFICES OF DARRELL PALMER PC d/b/a DARRELL PALMER LAW OFFICE, a suspended California professional corporation, JOSEPH DARRELL PALMER, an individual, NOONAN PERILLO & THUT LTD., an Illinois corporation, C. JEFFERY THUT, an individual, GARY STEWART, an individual, and JOHN DOES 1-20,<br><br>        Defendants. | Case No. 1:16-cv-11057 |

**MEMORANDUM IN SUPPORT OF DEFENDANT GARY STEWART'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

NOW COMES Defendant Gary Stewart ("Mr. Stewart"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully moves this Honorable Court to dismiss Plaintiff Edelson PC's ("Edelson") complaint with prejudice because it fails to state a claim upon which relief can be granted. Edelson fails to show that Mr. Stewart had anything more than a tangential involvement with the alleged "Objector Enterprise," which is not enough to hold Mr. Stewart liable under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). In addition, Edelson's wire fraud claim against Mr. Stewart is woefully inadequate under the heightened pleading requirements established in Federal Rule of Civil Procedure 9(b), and the allegations cannot demonstrate that Mr. Stewart engaged in any pattern of racketeering activity. Therefore, the Court must dismiss the complaint with prejudice.

## BACKGROUND

Mr. Stewart is an individual class member in a class action lawsuit currently pending in the Cook County Circuit Court – *Clark v. Gannett Co., Inc.*, Case No. 16-CH-06603. (*See* Docket No. 1 at ¶¶ 16; 50; 61). Edelson is class counsel in that case. (*Id.* at ¶ 61).

Mr. Stewart is not an attorney. (*Id.* at ¶ 16). Mr. Stewart, represented by counsel, filed an objection to the proposed class settlement in the *Gannett* case on the grounds that Edelson failed to provide sufficient information to the class members, and that Edelson's proposed award of $5,000,000 in attorney's fees was excessive. (*Id.* at ¶ 61). On November 14, 2016, the Cook County Circuit Court overruled Mr. Stewart's objection on the merits. (*Id.* at ¶¶ 50, 62, 64). Mr. Stewart's appeal of that ruling is currently pending before the Illinois Appellate Court. In retaliation over Mr. Stewart's objection, Edelson has sued Mr. Stewart alleging that he violated the civil RICO statute.

On December 5, 2016, just days after an unsuccessful mediation of Mr. Stewart's objection, (*Id.* at ¶ 65), Edelson filed its 49-page complaint against Mr. Stewart, the attorneys allegedly involved in the matter, Christopher Bandas and C. Jeffery Thut, and Darrell Palmer, as well as each attorney's respective law firm, and 20 John Does. (*Id.* at p. 1). The complaint asserts a civil RICO claim and an abuse of process claim against Mr. Stewart.[1] Only the RICO claim has the potential to provide federal jurisdiction to this case. Because Edelson's complaint fails to state a claim under civil RICO, it should be dismissed.

## STANDARD

"To survive a Rule 12(b)(6) motion, the complaint must not only provide defendants with fair notice of a claim's basis, but must also be 'facially' plausible." *Menzies v. Seyfarth Shaw LLP*, 2016 WL 3854626, at *1 (N.D. Ill. July 15, 2016) (*citing Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] Edelson's claim under the All Writs Act in Count II is not directed against Mr. Stewart. (Docket No. 1 at ¶ 116).

678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court assumes all well pleaded facts alleged in the complaint are true and construes all reasonable inferences in the plaintiff's favor. *Guaranteed Rate, Inc. v. Barr*, 912 F. Supp.2d 671, 680 (N.D. Ill. 2012) (citations omitted). However, Edelson's complaint fails even under this liberal standard.

## ARGUMENT

### I. EDELSON FAILS TO STATE A CLAIM IN COUNT I UNDER RICO

In order to state a claim in Count I against Mr. Stewart pursuant to Section 1962(c) of the RICO statute, Edelson's complaint must allege: "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cement-Lock v. Gas Tech. Inst.*, 523 F. Supp. 2d 827, 849 (N.D. Ill. 2007) (*citing Richmond v. Nationwide Cassel, L.P.*, 52 F.3d 640, 644 (7th Cir.1995)); *see also* 18 U.S.C. § 1962(c).

#### A. Mr. Stewart did not conduct the affairs of the alleged "Objector Enterprise."[2]

The "conduct" requirement for pleading a RICO claim means that the plaintiff must demonstrate "that the defendant played 'some part in directing the enterprise's affairs.'" *Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 727 (7th Cir. 1998) (*citing Reves v. Ernst & Young*, 507 U.S. 170, 179, 183 (1993)). "[RICO] does not penalize tangential involvement in an enterprise; a plaintiff must plead and prove that a defendant took some part in directing or conducting the alleged 'enterprise' such that it 'participate[d] in the operation or management of the enterprise itself.'" *Crichton v. Golden R. Ins. Co.*, 576 F.3d 392, 399 (7th Cir. 2009) (*citing Reves*, 507 U.S. at 185). "Allegations that a defendant had a business relationship with the putative RICO enterprise or that a defendant performed services for that enterprise do not suffice." *Id.* (citations

---

[2] Mr. Stewart does not concede that Edelson adequately pled that a RICO enterprise exists in this matter, but assumes so solely for purposes of his argument under Section A of this memorandum in support of his motion to dismiss.

- 3 -

omitted). It is not enough to show that a defendant was "merely a hireling" of the alleged enterprise. *Bachman v. Bear, Stearns & Co., Inc.*, 178 F.3d 930, 933 (7th Cir. 1999).

Recently, in *Nesbitt v. Regas*, a District Court in the Northern District of Illinois thoroughly examined the "conduct" requirement under RICO, and found that a key factor for courts to analyze is "whether the scheme's success depended on a particular defendant's knowing cooperation, or whether that particular defendant played a fungible role that could have been performed by outsiders." 2015 WL 1331291, at *8 (N.D. Ill. Mar. 20, 2015). In *Nesbitt*, the Court found that a law firm did not conduct the affairs of a RICO enterprise, even though it was used by the enterprise to further its scheme, because any law firm could have performed the services involved. *Id.* at *10. Therefore, if that law firm had refused to act on the enterprise's behalf, the scheme would have continued because the enterprise could have simply found a different firm. *Id.*

Edelson's complaint does not allege that Mr. Stewart had any role in the operation or management of the "Objector Enterprise." (*See* Docket No. 1 at ¶ 1). In fact, Mr. Stewart is the only non-lawyer defendant in the "Objector Enterprise," and he is the only defendant without an allegedly extensive background in objecting to class actions. (*Id.* at ¶¶ 33-60). The full extent of Edelson's allegations against Mr. Stewart is that he was "co-opted" by Darrel Palmer to file an objection to the *Gannett* class settlement, that Mr. Stewart agreed to be the "named objector" for the "Objector Enterprise," and that Mr. Stewart had knowledge of the "Objector Enterprise's" scheme. (*Id.* at ¶¶ 50; 85(g); 93(g); 103(g); 112(g); 113(g)). Although Edelson's complaint alleges that the "Objector Enterprise" chose Mr. Stewart to be the named objector because he was a class member in the *Gannett* case, the complaint also alleges that Mr. Bandas, Mr. Palmer, and Mr. Thut were "professional objectors" who had filed hundreds of objections to proposed

class settlements across the country. (*Id.* at ¶¶ 33-60). Thus, as alleged, Mr. Stewart only played a tangential role in this alleged "scheme" because any member of the *Gannett* class could have adequately served as the named class member for the "professional objectors"; the alleged scheme did not rely on Mr. Stewart's "knowing cooperation."

Further, in *D.M. Robinson Chiropractic, S.C. v. Encompass Ins. Co. of America*, the plaintiff alleged that an insurance company's software supplier was part of the insurance company's RICO enterprise engaged in defrauding medical service providers. 2013 WL 1286696, at *1 (N.D. Ill. Mar. 28, 2013). Although the plaintiff alleged that the software supplier provided the enterprise with the software that the enterprise used to defraud its victims, and that the supplier knew the enterprise was defrauding these victims; the Court found the software supplier did not conduct the affairs of the enterprise because it merely performed a service for the enterprise. *Id.* at *8.

Like the software supplier in *D.M. Robinson*, the Edelson complaint merely alleges that Mr. Stewart simply provided the alleged "Objector Enterprise" with a service. The complaint does not state that Mr. Stewart came up with any plan, developed any goal, or directed any of the "Objector Enterprise's" affairs. Rather, according to Edelson's complaint, the only role Mr. Stewart played was acting as a "mere hireling" for the "Objector Enterprise" by allowing them to use his name to establish jurisdiction for their objection to the proposed *Gannett* class settlement. Thus, according to Edelson's complaint, Mr. Stewart's only contribution to this scheme was letting them use his name on the filing; which is insufficient to establish that he conducted the affairs of the "Objector Enterprise."[3]

---

[3] Also, the fact that Mr. Stewart allegedly knew of the "Objector Enterprise's" scheme is not enough to render him liable. *See Amin v. SunTrust Bank*, 2014 WL 3397256, at *4 (N.D. Ill. July 11, 2014) ("[E]ven if [defendants] had knowledge of an organization's illicit activity, that would still be insufficient to demonstrate that either one of them had a managerial or operational role.").

Without any additional allegations that Mr. Stewart played some role in managing or directing the "Objector Enterprise," Edelson cannot show that he conducted the affairs of a RICO enterprise. Since Edelson cannot allege that Mr. Stewart had anything more than tangential involvement in the alleged "Objector Enterprise," the complaint fails to satisfy the first necessary element for asserting a RICO claim. For this reason alone, the Court must dismiss Count I against Mr. Stewart with prejudice.

### B. Edelson fails to plead that Mr. Stewart himself committed any predicate acts of wire fraud.

Edelson alleges in its complaint that Mr. Stewart engaged in a pattern of racketeering activity by committing the predicate act of wire fraud. (*See* Docket No. 1 at ¶¶ 105-112). Allegations of wire fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994). Since Rule 9(b) requires pleading the alleged fraud with "particularity," the Seventh Circuit has found that "in a case involving multiple defendants … 'the complaint should inform *each defendant* of the nature of his alleged participation in the fraud.'" *Id.* at 778 (emphasis added) (citation omitted). As such, plaintiffs are not allowed to claim that an allegedly fraudulent statement was made by all of the defendants "lumped together," but instead the pleadings must specify which defendants made which statement. *Id.* (citations omitted); *see also Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp. 2d 978, 994–95 (N.D. Ill. 2010) (dismissing RICO complaint that generally attributed predicate acts of mail and wire fraud to more than 21 "RICO Defendants" without specifying which defendant made which fraudulent statement).

Edelson's complaint alleges only that "Defendants" communicated via e-mail an allegedly fraudulent statement. (*See* Docket No. 1 at ¶ 107). Edelson never identifies which

"Defendant" allegedly sent the e-mail. (*Id.*) Further, the complaint's use of the term "Defendant" refers to 27 different individuals and entities lumped together. (*Id.* at ¶ 1). Thus, the complaint utterly fails to allege any predicate act of wire fraud against Mr. Stewart himself with the specificity required by Rule 9(b). For this reason, the Court cannot find that Mr. Stewart is alleged to have engaged in a pattern of racketeering activity by committing predicate acts of wire fraud.

## CONCLUSION

For the reasons stated above, and for those incorporated here in the Bandas Defendant's Memorandum in support of their Motion to Dismiss (Docket No. 30), Mr. Stewart respectfully requests this Court dismiss Edelson's complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

GARY STEWART

/s/      Darren VanPuymbrouck
One of his attorneys.

Darren VanPuymbrouck
Alexander Vesselinovitch
Matthew Connelly
Freeborn & Peters LLP
311 South Wacker Drive Suite 3000 Chicago, IL  60606
312-360-6000
dvan@freeborn.com

Dated:  January 31, 2017

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on January 31, 2017, I electronically filed the foregoing Memorandum in Support of Gary Stewart's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Eve-Lynn J. Rapp
Benjamin Harris Richman
Rafey S. Balabanian
Edelson PC
350 N. LaSalle Street, 13th Floor
Chicago, IL 60654
(312) 589-6370
erapp@edelson.com
**Attorneys for Plaintiff**

Chris C. Gair
Kristi Lynn Nelson
Thomas R. Heisler
Gair Eberhard Nelson Dedinas Ltd
1 East Wacker Drive
Suite 2600
Chicago, IL 60601
312-600-4900
cgair@gairlawgroup.com
**Attorneys for Defendants Noonan Perillo & Thut Ltd. and C. Jeffery Thut**

/s/ Darren VanPuymbrouck