# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation, individually, and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>  v.<br><br>THE BANDAS LAW FIRM PC, a Texas professional corporation, CHRISTOPHER BANDAS, an individual, LAW OFFICES OF DARRELL PALMER PC d/b/a DARRELL PALMER LAW OFFICE, a suspended California professional corporation, JOSEPH DARRELL PALMER, an individual, NOONAN PERILLO & THUT LTD., an Illinois corporation, C. JEFFERY THUT, an individual, GARY STEWART, an individual, and JOHN DOES 1-20,<br><br>   *Defendants*. | Case. No. 16-cv-11057<br><br>Hon. Rebecca R. Pallmeyer |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTIONS TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT: DEFENDANTS HAVE FAILED TO MEET
THEIR BURDEN OF SHOWING THAT GOOD CAUSE
EXISTS TO STAY DISCOVERY. ........................................................................2

    A. The Pendency of a Rule 12(b)(6) Motion Is an Insufficient Basis for
Imposing a Blanket Stay of Discovery .....................................................................3

    B. Even if Defendants Were to Prevail on Their Motions to Dismiss, the Case
and Discovery Will Ultimately Proceed ..................................................................5

    C. Defendants Have Not Demonstrated Any Prejudice that Would Result
if a Stay Is Not Imposed, and Plaintiff's Requests Are Narrowly
Tailored ....................................................................................................................7

III. CONCLUSION ........................................................................................................8

# TABLE OF AUTHORITIES

**Supreme Court Case**

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................3

**United States District Court Cases**

*Ball v. Field*,
    No. 90 C 4383, 1991 WL 24513 (N.D. Ill. Feb. 11, 1991) ...................................7

*Bilal v. Wolf*,
    No. 06 C 6978, 2007 WL 1687253 (N.D. Ill. June 6, 2007) ...............................4

*Cataldo v. City of Chicago*,
    No. 01 C 6665, 2002 WL 91903 (N.D. Ill. Jan. 24, 2002) ...................................5

*Chicago Bd. Options Exch., Inc. v. Connecticut Gen. Life Ins. Co.*,
    95 F.R.D. 524 (N.D. Ill. 1982) .............................................................................5

*Cooper v. Harris*,
    No. 98 C 1623, 1999 WL 261742 (N.D. Ill. Apr. 13, 1999) ...............................4

*DSM Desotech Inc. v. 3D Sys. Corp.*,
    No. 08 CV 1531, 2008 WL 4812440 (N.D. Ill. Oct. 28, 2008)..........................5

*Gray v. First Winthrop Corp.*,
    133 F.R.D. 39 (N.D. Cal. 1990) ..........................................................................6

*Hill v. Amoco Oil Co.*,
    No. 97 C 7501, 2001 WL 293628 (N.D. Ill. Mar. 19, 2001)...............................4

*In re Sulfuric Acid Antitrust Litig.*,
    231 F.R.D. 331 (N.D. Ill. 2005) ..........................................................................4

*Johnson v. Indopco, Inc.*,
    846 F. Supp. 670 (N.D. Ill. 1994).........................................................................4

*Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E. F. Hutton & Co.*,
    720 F. Supp. 671, 676 (N.D. Ill. 1989)................................................................7

*Lantz v. Am. Honda Motor Co.*,
    No. 06 C 5932, 2007 WL 1424614 (N.D. Ill. May 14, 2007) ...........................4

*Napleton's Arlington Heights Motors, Inc., v. FCA US, LLC*,
    No. 16-cv-0403, 2016 WL 4727918 (N.D. Ill. Apr. 11, 2016) ........................................... 7

*Nauman v. Abbott Labs*,
    No. 04 C 7199, 2005 WL 1139480 (N.D. Ill. Apr. 27, 2005) ........................................... 4

*New England Carpenters Health & Welfare Fund v. Abbott Labs*,
    No. 12 C 1662, 2013 WL 690613 (N.D. Ill. Feb. 20, 2013) ......................................*passim*

*R.E. Davis Chem. Corp. v. Nalco Chem. Co.*,
    757 F. Supp. 1499 (N.D. Ill. 1990) ................................................................................... 4

*Rosas v. Lane*,
    No. 85 C 5603, 1985 WL 2906 (N.D. Ill. Sept. 26, 1985) ............................................... 4

*Schaap v. Executive Indus. Inc.*,
    130 F.R.D. 384 (N.D. Ill. 1990) ....................................................................................... 3

*Solomon Realty Co. v. Tim Donut U.S. Ltd.*,
    No. 2:08-cv-561, 2009 WL 2485992 (S.D. Ohio Aug. 11, 2009) .................................... 3

*Stokes v. City of Chicago*,
    No. 86 C 4759, 1986 WL 12311 (N.D. Ill. Oct. 24, 1986) .............................................. 4

*Tamburo v. Dworkin*,
    No. 04 C 3317, 2010 WL 4867346 (N.D. Ill. Nov. 17, 2010) .................................... 2, 3

*United States v. Board of Educ. of City of Chicago*,
    636 F. Supp. 1046 (N.D. Ill. 1986) ............................................................................. 2, 3

**Rules**

Fed. R. Civ. P. 26 ....................................................................................................................... 2, 8

iii

**I.     INTRODUCTION**

Along with their Rule 12(b)(6) motions, Defendants have also moved to stay all discovery indefinitely.[1] At bottom, the primary basis for the requested stay is that Defendants have moved to dismiss. As the Court previously recognized, however, the default in federal proceedings is not to stay discovery simply because a motion to dismiss has been filed, and certainly not where, as here, the motion consists of facial attacks on the pleadings that can be cured. Defendants bear a much heavier burden to show that "good cause" exists to stay all discovery—meaning they'd have to show that their motions are likely to be dispositive of the case (they are not), or that they will actually incur significant or undue burden and expense by having to respond to the requested discovery (they will not). Defendants haven't met their burden.

First, the pending Rule 12(b)(6) motions can fairly be characterized as of the "garden variety" courts in this district (and elsewhere) routinely hold are insufficient to support a stay, especially in RICO cases such as this. They do not raise any issues likely to be dispositive of the case – like standing or statute of limitations – and instead, primarily point to what are facial, and easily cured, defects.

Defendants have likewise failed to demonstrate that they will actually be subjected to any prejudice or undue burden if discovery were to proceed. That's especially true given that Plaintiff is presently seeking extremely limited discovery: identification of all the individuals involved in the alleged enterprise, co-counsel and retainer agreements, and any agreements resolving claims on behalf of objector clients. If Plaintiff can get these discrete pieces of information now, it is willing to wait on broader discovery into all of the topics previously

---

[1]     Defendant Joseph Darrell Palmer has been evading service. A Motion for Alternative Service will be filed shortly.

discussed with Defendants during the Parties' Rule 26(f) conference.[2] Hence, Defendants' arguments of prejudice and undue burden are greatly exaggerated. Conversely, Plaintiff may be significantly prejudiced if this limited discovery is not allowed to proceed now given that the information is necessary to understand – and potentially name – all those involved in the alleged unlawful conduct.

For these reasons, and as discussed further below, Defendants' motions for a stay of discovery pending resolution of their motions to dismiss should be denied.

**II.   ARGUMENT: DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF SHOWING THAT GOOD CAUSE EXISTS TO STAY DISCOVERY.**

The party seeking a stay of discovery bears the burden of showing that "good cause" exists for such an order. *New England Carpenters Health & Welfare Fund v. Abbott Labs*, No. 12 C 1662, 2013 WL 690613, at *1, 3 (N.D. Ill. Feb. 20, 2013). The pendency of a Rule 12(b)(6) motion is not alone sufficient to meet that burden—rather, the "general rule" in the Northern District of Illinois is that "a pending garden-variety motion to dismiss does not warrant a stay of discovery." *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010); *United States v. Board of Educ. of City of Chicago,* 636 F. Supp. 1046, 1047 (N.D. Ill. 1986) (holding that in the Northern District of Illinois, discovery is "rarely suspend[ed] [] pending a 'motion to dismiss.' Most such motions are eventually denied.") . Rather, "a stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing . . . or a pending resolution of qualified immunity claims." *Id*. That approach is consistent with the Federal Rules of Civil Procedure, which while granting district court's broad discretion to control and limit the scope of discovery,

---

[2]   Plaintiff reserves all rights to request additional discovery at a later date. However, it would do so only in accordance with the discovery and general case deadlines to be later set by the Court, or after making a specific request and being granted leave by the Court to do so.

specifically do not include the pendency of motions to dismiss as a reason for doing so. *See* Fed. R. Civ. P. 26(b)(1). In other words, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *New England Carpenters,* 2013 WL 690613 at *1.[3]

Further, where, as here, the moving parties raise supposed burdens of engaging in discovery as a basis for a stay, they must "specify the nature of the burden and provide specific explanations as to why" the discovery cannot be, or should not have to be, answered. *Schaap v. Executive Indus. Inc.,* 130 F.R.D. 384, 387 (N.D. Ill. 1990). The mere fact that a moving party "will be required to expend a considerable amount of time, effort, or expense" in answering the discovery is not a sufficient basis upon which to preclude it. *Id.*

Defendants have failed to meet their burdens in every respect.

### A. The Pendency of a Rule 12(b)(6) Motion Is an Insufficient Basis for Imposing a Blanket Stay of Discovery.

As an initial matter, Defendants fail to overcome the general presumption that discovery will not be stayed in the face of a motion to dismiss. *See New England Carpenters*, 2013 WL 690613, at *1 (the "mere filing of a motion to dismiss does not automatically stay discovery"); *see also Solomon Realty Co. v. Tim Donut U.S. Ltd.*, No. 2:08-cv-561, 2009 WL 2485992, at *2 (S.D. Ohio Aug. 11, 2009); *accord Tamburo*, 2010 WL 4867346, at *2 ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)."); *United States v. Board of Educ.,* 636 F. Supp. at 1047. Each of the thirteen cases that Defendants rely

---

[3]  Even in light of heightened pleading standards in the wake of *Twombly*, courts in this District have concluded that there is no "need for departure from the general rule that a pending motion to dismiss does not warrant a stay of discovery." *New England Carpenters,* 2013 WL 690613 at *3.

3

upon to show discovery stays are frequently imposed under similar circumstances are inapposite. (Bandas Mot. at 3; Thut Mot. at 2).

Of the thirteen, two—*Sulfuric Acid* and *Nauman*—expressly elucidate reasons to *reject* Defendants' motions. *See In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("the mere filing of [a] motion [to dismiss] does not automatically stay discovery," nor should "a court [] automatically grant a stay pursuant to Rule 26(c) simply because a defendant asks for one") (exploring a discovery stay in the context of implicit acquiescence by the plaintiff); *Nauman v. Abbott Labs*, No. 04 C 7199, 2005 WL 1139480, at *6 (N.D. Ill. Apr. 27, 2005) ("partial stay of discovery . . . vacated").

Three others—*Hill, Johnson*, and *R.E. Davis*—contain only passing mentions of orders to stay in related proceedings rather than reasoned holdings. *See Hill v. Amoco Oil Co.*, No. 97 C 7501, 2001 WL 293628 (N.D. Ill. Mar. 19, 2001); *Johnson v. Indopco, Inc.*, 846 F. Supp. 670 (N.D. Ill. 1994); *R.E. Davis Chem. Corp. v. Nalco Chem. Co.*, 757 F. Supp. 1499 (N.D. Ill. 1990). Three more—*Stokes, Bilal*, and *Cooper*—decided requests to stay discovery in the narrow and exceptional context of absolute and qualified immunity, which is not at issue here. *See Stokes v. City of Chicago*, No. 86 C 4759, 1986 WL 12311, at *1 (N.D. Ill. Oct. 24, 1986); *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *2 (N.D. Ill. June 6, 2007); *Cooper v. Harris*, No. 98 C 1623, 1999 WL 261742 (N.D. Ill. Apr. 13, 1999), at *2.

And the five remaining authorities are easily distinguished. *Lantz* and *Rosas* featured plaintiffs that failed to plead central elements of the allegedly wrongful conduct in their respective complaints. *Lantz v. Am. Honda Motor Co.*, No. 06 C 5932, 2007 WL 1424614, at *10 (N.D. Ill. May 14, 2007) (failed to plead causation); *Rosas v. Lane*, No. 85 C 5603, 1985 WL 2906, at *1 (N.D. Ill. Sept. 26, 1985) (failed to allege that defendants were involved in plaintiff's

4

treatment). The plaintiff in *Chicago Board* sought factual discovery for a wholly legal argument; discovery was denied, but would have been permitted if the plaintiff had added a (fact-based) fraud claim. *Chicago Bd. Options Exch., Inc. v. Connecticut Gen. Life Ins. Co.*, 95 F.R.D. 524, 525 (N.D. Ill. 1982). The *Cataldo* plaintiff voluntarily agreed to stay most discovery prior to the ruling on a motion to dismiss, and was not prejudiced by a stay of the remainder, as the plaintiff's injury prevented him from obtaining speedy relief irrespective of the stay. *Cataldo v. City of Chicago*, No. 01 C 6665, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002). Finally, the *DSM* discovery stay was granted largely due to the risk of exposing competitively-sensitive information—not a contention of Defendants here. *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008). Simply stated, none of these decisive facts are present in this case. Plaintiff has pleaded all elements of Defendants' wrongful conduct;[4] the limited discovery that Plaintiff seeks at this stage is extremely likely to lead to the identification of relevant and admissible evidence, including identification of the other individuals and entities involved in the Defendants' allegedly unlawful enterprise and where the ill-gotten proceeds of the enterprise have wound up; delaying discovery would immeasurably prejudice Plaintiff;[5] and protective orders are readily available to prevent disclosure of confidential information.

        **B.**    **Even if Defendants Were to Prevail on Their Motions to Dismiss, the Case and Discovery Will Ultimately Proceed.**

Even assuming *arguendo* that a 12(b)(6) motion is adequate justification for a stay of discovery, Defendants have failed to meet their burden to demonstrate a strong likelihood of prevailing on their pending motions to dismiss. Indeed, "[i]n the rare case where [district courts

---

[4] As set forth below, even if that were not the case, a facial challenge to the legal sufficiency of the complaint can be easily cured by amendment.
[5] *See infra* Section II.C.

of the Seventh Circuit] do stay discovery pending a ruling on a potentially dispositive legal issue, [they have] do[ne] so only where [they] are satisfied that the moving party is likely to prevail . . . 'Mere speculation' that a motion to dismiss has a high likelihood of success, in the absence of a judicial ruling to that effect, is insufficient to meet this standard." *New England Carpenters*, 2013 WL 690613 at *2.

Obviously, Defendants can't look to any rulings on the motions to dismiss—none have been entered. But beyond that, they don't even attempt to assess their chances of success on the merits. Instead, they just speculate that they'll win and otherwise frame their request conditionally—"*if* Edelson cannot state a RICO claim, *then* it has no basis for federal jurisdiction"—rather than probabilistically (e.g., "the RICO claim is *likely* to fail because . . ."), and parrot the same arguments raised in their motions. (*See, e.g.,* Bandas Mot. at 4 (emphasis added); *see also* Thut Mot. at 3, 4 (listing supposed pleading "defects" identified in motion to dismiss).) Again, without more, that's not enough. *See New England Carpenters,* 2013 WL 690613 at *1; *see also Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *accord New England Carpenters*, 2013 WL 690613 at *2 ("a stay of the type requested by the defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value, this is not such a case.").

Equally important, even if Defendants are successful in obtaining a dismissal of the case on the grounds currently asserted—e.g., Plaintiff's supposed inability to proceed with its federal claims and failure to meet Rule 9(b)'s heightened pleading requirements—the litigation will still

6

proceed in some form, somewhere. *See, e.g., Ball v. Field,* No. 90 C 4383, 1991 WL 24513, at 1 (N.D. Ill. Feb. 11, 1991) (holding that discovery wouldn't lead to "unnecessary litigation expenses," as "any discovery taken pursuant to the [operative pleadings] undoubtedly could be utilized if and when the state law claims are refiled in state court"); *Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E. F. Hutton & Co.,* 720 F. Supp. 671, 676 (N.D. Ill. 1989) (holding dismissals under Rule 9(b) are "easily cured," and thus any alleged pleading deficiencies under this rule are not cause for a stay of discovery).

      **C.**    **Defendants Have Not Demonstrated Any Prejudice that Would Result if a Stay Is Not Imposed, and Plaintiff's Requests Are Narrowly Tailored.**

Lastly, before a stay may be imposed, Defendants must also make a "clear showing of [their] burden or cost with any anticipated discovery," such as by reference to "data, cost estimates, or analysis of the discovery Plaintiffs have sought or intend to seek." *See New England Carpenters*, 2013 WL 690613 at *3; *Napleton's Arlington Heights Motors, Inc., v. FCA US, LLC*, No. 16-cv-0403, 2016 WL 4727918, at *4 (N.D. Ill. Apr. 11, 2016). They have failed to make any such showing.

Nowhere in their briefing do Defendants detail the projected costs or any other burdens they would incur or explain with any specificity how responding to Plaintiff's discovery requests—let alone the limited discovery Plaintiff is presently proposing—would cause them to suffer "annoyance, embarrassment, oppression or undue burden or expense." *New England Carpenters.*, 2013 WL 690613, at *1, 3. Instead, they offer only conclusory statements about "enduring undue and prejudicial expenses" responding to supposedly "voluminous discovery." (*See* Bandas Mot. at 5 ("Bandas Defendants will be forced to endure undue and prejudicial expenses in responding to Edelson's voluminous discovery requests"); Thut Mot. at 4 ("Forcing

7

Thut to respond to costly and burdensome discovery before the Court has determined whether the Complaint states a valid claim would run afoul of the policy expressed…").)

Simply put, the limited discovery Plaintiff now seeks—identification of the individuals involved in the alleged enterprise, co-counsel and retainer agreements, and any agreements resolving claims on behalf of objector clients—will be neither costly nor too voluminous. With respect to the latter, Plaintiff is seeking just four categories of information, in the form of the identification of names and the production of documents that are likely a few pages each at most. These requests are extremely narrow and cannot possibly present an undue burden either.

To start, they overlap significantly with the information Defendants have already committed to produce and that is required to be produced with their initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring identification of "the name and, if known, the address and telephone number of each individual likely to have discoverable information. . ."); Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring the production of "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . ."). Similarly, all but one of the primary Defendants in this case are attorneys or law firms, and the requested written agreements and other data is all the sort of information that is commonly maintained and easily accessible from within their own client files. Unless of course the Defendants fail to keep such records, it's hard to see that producing them would be too burdensome.

Finally, Plaintiff would be prejudiced if all discovery is stayed now. The limited discovery Plaintiff seeks is essential to its case at this point. For example, without that information, Plaintiff will be unable to identify each of the necessary parties to the claims

asserted, and will be unable to sufficiently and completely amend its pleadings in that regard. The result is that if (and when) the case proceeds, there will necessarily be another round of amended pleadings to join all necessary parties, all after other discovery has taken place and motion practice on the pleadings has occurred. Significant efficiencies can be gained by proceeding with this limited discovery now. And of course, allowing that discovery now will avoid any concerns about the loss or destruction of relevant evidence.

For all of these reasons too, the motions to stay discovery—at least with respect to the limited discovery proposed above—should be denied.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motions to Stay Discovery in their entirety.

Respectfully submitted,

**EDELSON PC**, individually and on behalf of all others similarly situated,

Dated: February 8, 2017

By: /s/ Rafey S. Balabanian
One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
Eve-Lynn Rapp
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100

9

San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

10

**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that on February 8, 2017, I electronically filed the foregoing Opposition to Defendants' Motions to Stay Discovery with the Clerk of the Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Eve-Lynn J. Rapp