**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:16-cv-11057 |
| BANDAS LAW FIRM PC, a Texas professional corporation, CHRISTOPHER BANDAS, an individual, LAW OFFICES OF DARRELL PALMER PC d/b/a DARRELL PALMER LAW OFFICE, a suspended California professional corporation, JOSEPH DARRELL PALMER, an individual, NOONAN PERILLO & THUT LTD., an Illinois corporation, C. JEFFERY THUT, an individual, GARY STEWART, an individual, and JOHN DOES 1-20, | |
| Defendants. | |

**CHRISTOPHER BANDAS AND BANDAS LAW FIRM, PC'S REPLY TO PLAINTIFF'S OPPOSITION TO BANDAS DEFENDANTS' MOTIONS TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS**

Nothing in Plaintiff's opposition to the Bandas Defendant's Motion to Stay Discovery comes close to the central and dispositive fact that the Plaintiff's complaint does not state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); therefore, it fails to establish that the Court has jurisdiction. Indeed, far from being a "facial" attack on Plaintiff's complaint, the Bandas Defendants' Motion to Dismiss goes to the very heart of the matter by demonstrating that the Court lacks jurisdiction to adjudicate this case. As set out in the Motion to Dismiss and explained below, because the Plaintiff has not and cannot allege the predicate acts necessary to maintain a civil RICO cause of action, the Bandas Defendants' Motion to Dismiss will be dispositive of this matter.

Moreover, because the so-called "limited" discovery sought by the Plaintiff focuses on privileged and confidential attorney-client matters, it imposes a significant burden on the Bandas Defendants, including potentially protracted briefing and argument on the nature and extent of those privileges and confidences. As such, the Bandas Defendants' Motion to Stay Discovery is supported both because the Bandas Defendants' Motion to Dismiss involves a threshold matter of jurisdiction, and because the discovery sought by the Plaintiff is wrought with issues of privilege and confidentiality, which would, therefore, place an undue burden and expense on the Bandas Defendants.

Nor can Plaintiff ever cure the defects in its complaint and justify proceeding with expensive and unnecessary discovery by amending its pleading. There is simply nothing stated anywhere among the 133 paragraphs of Plaintiff's 49 page complaint that could be reconfigured to plead any of the predicate acts required to maintain a civil RICO action. Further, Plaintiff cannot justify imposing significant discovery obligations on the Bandas Defendants in the hopes of discovering information that might lead to a civil RICO action, since the Plaintiff was obligated in the first instance to plead facts sufficient to sustain its cause of action.[1]

## **ARGUMENT**

### I. **Plaintiff fails to address that the Bandas Defendants' motion to dismiss involves the threshold issue of jurisdiction, which justifies staying discovery in this case.**

As recently pronounced by another Judge in a Northern District of Illinois case where a motion to dismiss attacked the jurisdictional basis of a plaintiff's complaint, "[s]tays of discovery are **not disfavored** and **are often appropriate** where the motion to dismiss can resolve the case-

---

[1] Although Plaintiff is not entitled to any discovery because this Court lacks jurisdiction, the Bandas Defendants have provided their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) as a sign of good faith in this matter. This provides Plaintiff with more than enough information to suffice until the Court rules on the Bandas Defendants' Motion to Dismiss.

at least as to the moving party, or where the issue is a threshold one, ***such as jurisdiction***, standing, or, as here, raises questions of qualified immunity." *Bilal v. Wolf*, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (emphasis added) (internal citations omitted). *See also U.S. Catholic Conf. v. Abortion Rights Mobilization*, Inc., 487 U.S. 72, 79–80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."). As Plaintiff concedes, it cannot claim federal jurisdiction under the All Writs Act.[2] Therefore, Plaintiff's sole basis for federal jurisdiction is its RICO claim.

In *R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, the Court imposed a stay on all discovery pending a defendant's motion to dismiss the plaintiff's RICO claims. 757 F. Supp. 1499, 1504 n.1. The Court found that the stay was appropriate "in light of the numerous defects present in plaintiff's RICO claims, *which are the only tie to federal jurisdiction over this case*." *Id.* (emphasis added). The ruling in *R.E. Davis Chemical Corp.* reflected the Court's understanding that RICO claims are complex cases that are difficult to litigate, thus it is unfair to allow plaintiffs to force defendants to endure the costs of discovery simply because the plaintiff named the defendant in a deficient RICO complaint. *See Limestone Development Corp. v. Village of Lemont*, 520 F.3d 797, 802-804 (7th Cir. 2008) (discussing complexities of asserting RICO claims and cautioning that district courts should not force defendants to "undergo costly discovery" unless the complaint shows a "substantial case" that a RICO violation occurred). Other courts in the Northern District of Illinois have come to this same conclusion. *See, e.g.*,

---

[2] Plaintiff conceded this issue by failing to respond to the Bandas Defendants' argument that the All Writs Act does not confer Plaintiff with federal jurisdiction in this matter. *See, e.g., Lacy v. Progressive Direct Ins. Co.*, 2016 WL 25717 at *2 (N.D. Ill. Jan. 4, 2016) ("[Plaintiff] concedes these arguments by failing to respond to them, thereby abandoning those bases for her suit.").

*Napleton's Arlington Heights Motors, Inc. v. FCA US, LLC*, No. 16-cv-0403 (N.D. Ill. May 10, 2016) (order imposing a stay on all discovery in a RICO case).

Rather than provide persuasive analysis refuting the Court's reasoning in *R.E. Davis Chemical Corp.*, Plaintiff simply dismisses the opinion as "contain[ing] only passing mentions of orders to stay in related proceedings rather than [a] reasoned holding[]." (Docket No. 42 at p. 4). Moreover, Plaintiff relies largely on *New England Carpenters Health & Welfare Fund v. Abbott Labs* to support its claim that the Court should not impose a stay on discovery in this case. (*Id.* at pp. 2-3, 3 n.3, 5-7). However, *New England Carpenters* is distinguishable from the instant case for an essential reason: federal jurisdiction. The plaintiff in *New England Carpenters* asserted a RICO claim *and* a claim under the Robinson-Patman Act. 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013). If the Court dismissed the RICO claim, the plaintiff in that case still had a jurisdictional basis to seek discovery under the Robinson-Patman Act. In contrast, if and when the Court finds that Plaintiff fails to state a claim under RICO here, it will have no jurisdiction over this matter and Plaintiff will have no right to any discovery.

## II.    Plaintiff cannot cure the defects in its complaint because no predicate acts of racketeering activity occurred in the underlying matter.

Plaintiff mischaracterizes the Bandas Defendants' motion to dismiss as a "facial attack[] on the pleadings," claims it involves "garden variety" arguments, and argues that the motion only attacks "facial, and easily cured, defects" in Plaintiff's complaint. (Docket No. 42 at p. 1). This is wishful thinking at best. To the contrary, the Bandas Defendant's Motion to Dismiss unequivocally demonstrates that the Plaintiff fails to establish jurisdiction in this Court because the substantive acts as alleged do not, and cannot, constitute any predicate acts of racketeering activity as a matter of law; thereby defeating Plaintiff's RICO claim, its only jurisdiction-

establishing claim. Plaintiff cannot easily cure its complaint because there are no RICO predicate acts or a pattern of racketeering activity under these alleged factual circumstances.

The Bandas Defendants' motion to dismiss addresses dispositive issues that warrant dismissing this case with prejudice. Thus, this Court should stay all discovery in this matter because if the alleged underlying facts do not constitute a RICO violation, then this Court has no jurisdiction over this matter.

### III.   Plaintiff's discovery requests are narrowly tailored to maximize prejudice to the Bandas Defendants.

Plaintiff asserts that it only seeks "identification of the individuals involved in the alleged enterprise, co-counsel and retainer agreements, *and any agreements resolving claims on behalf of objector clients*." (Docket No. 42 at p. 8) (emphasis added). Plaintiff argues that this limited discovery "cannot possible present an undue burden" on the Bandas Defendants. Yet, Plaintiff is demanding that the Bandas Defendants deliberately violate the attorney-client privilege, the mediation privilege[3] (including private mediations and mediations held by federal appellate court mediation programs), confidentiality agreements, as well as disclose all of their client's prior settlement agreements.

The Bandas Defendants will be prejudiced if the Court permits discovery to proceed because Plaintiff has admitted it intends to seek confidential and privileged information. As a result, the Bandas Defendants will have to oppose any such request, and then litigate this matter through motions to compel. This Court should not force the Bandas Defendants to disclose privileged information, particularly where the Court has not yet determined whether it even has jurisdiction over this matter at all. To protect the sanctity of attorney-client privilege, among

---

[3] Since Plaintiff's complaint asserts a state law abuse of process claim against the Bandas Defendants, the Illinois Uniform Mediation Act applies and bars discovery of any communications made during mediation. *See Mustafa v. Mac's Convenience Stores, LLC*, 2014 WL 1088991, at *1 (N.D. Ill. Mar. 18, 2014) (*citing* 710 ILCS 35/4(a)).

other privileges, this Court should stay discovery until first determining whether it has jurisdiction; as that determines whether Plaintiff has the right to any discovery at all.

Plaintiff will not be prejudiced by imposing a stay on discovery. The Bandas Defendants have already provided Plaintiff with its initial Rule 26(a)(1) disclosures, which includes the list of all individuals "likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff does not need more discovery to identify the individuals involved in the underlying matter because it already has that information.

Moreover, Plaintiff's initial complaint makes clear that this entire lawsuit is a fishing expedition. As demonstrated in the Bandas Defendants' motion to dismiss, Plaintiff utterly failed to state a claim illustrating a RICO offense, improperly alleged a cause of action under the All Writs Act, and cannot adequately plead an abuse of process claim. (*See* Docket No. 30). Plaintiff feigns a basis for federal jurisdiction for as long as it can in order to force the Bandas Defendants to divulge confidential client information. This is all in pursuit of Plaintiff's misguided belief that the Bandas Defendants' privileged information will somehow validate Plaintiff's baseless vendetta against Christopher Bandas. The Court should prudently stay all discovery in this matter until its rules on whether Plaintiff asserted a RICO claim; thus determining the threshold issue of whether this Court has subject matter jurisdiction.

## CONCLUSION

Therefore, for the reasons stated above, this Court should enter an order imposing a stay on all discovery until it rules on the Bandas Defendants' pending motion to dismiss; thereby determining the threshold issue of federal jurisdiction.

Respectfully submitted,

CHRISTOPHER BANDAS and
BANDAS LAW FIRM, P.C.

/s/    Darren VanPuymbrouck
One of their attorneys.

Darren VanPuymbrouck
Alexander Vesselinovitch
Matthew Connelly
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
Telephone: 312-360-6000
Fax: (312) 360-6520
dvan@freeborn.com
avesselinovitch@freeborn.com
mconnelly@freeborn.com

Dated: February 15, 2017

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on February 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Eve-Lynn J. Rapp
Benjamin Harris Richman
Rafey S. Balabanian
Edelson PC
350 N. LaSalle Street, 13th Floor
Chicago, IL 60654
(312) 589-6370
erapp@edelson.com
brichman@edelson.com
rbalabanian@edelson.com

**Attorneys for Plaintiff**

Chris C. Gair
Kristi Lynn Nelson
Thomas R. Heisler
Gair Eberhard Nelson Dedinas Ltd
1 East Wacker Drive, Suite 2600
Chicago, IL 60601
312-600-4900
cgair@gairlawgroup.com
knelson@gairlawgroup.com
theisler@gairlawgroup.com

Joseph R. Marconi
Victor J. Pioli
Brian C. Langs
Johnson & Bell
33 West Monroe Street, Suite 2700
Chicago, IL 60603
(312) 372-0770
mcarconij@jbltd.com
pioliv@jbltd.com
langsb@jbltd.com

**Attorneys for Defendants Noonan Perillo & Thut Ltd. and C. Jeffery Thut**

/s/ Darren VanPuymbrouck