IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation, individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>THE BANDAS LAW FIRM PC, a Texas professional corporation, CHRISTOPHER BANDAS, an individual, LAW OFFICES OF DARRELL PALMER PC d/b/a DARRELL PALMER LAW OFFICE, a suspended California professional corporation, JOSEPH DARRELL PALMER, an individual, NOONAN PERILLO & THUT LTD., an Illinois corporation, C. JEFFERY THUT, an individual, GARY STEWART, an individual, and JOHN DOES 1-20,<br><br>       Defendants. | Case No. 1:16-cv-11057 |

**CHRISTOPHER BANDAS AND BANDAS LAW FIRM PC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

NOW COMES Defendants, Christopher Bandas and Bandas Law Firm PC (collectively, the "Bandas Defendants"), and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Honorable Court to dismiss Plaintiff Edelson PC's ("Edelson") first amended complaint with prejudice for the reasons described in the accompanying Memorandum of Law in Support of the Bandas Defendants' Motion to Dismiss.

As set forth in the memorandum, Edelson's first amended complaint fails to state a claim upon which relief may be granted for several different reasons, including: (1) litigation activity cannot constitute a predicate act of "racketeering activity"; (2) Edelson fails to adequately allege any of the predicate acts contained in its amended complaint; (3) Edelson fails to establish a pattern of racketeering activity; (4) the Bandas Defendants are immune from RICO liability

under the *Noerr-Pennington* doctrine; (5) since Edelson cannot state a substantive RICO violation occurred, it cannot state a claim for RICO conspiracy; (6) Edelson cannot assert a private cause of action under the All Writs Act; (7) Edelson fails to state a claim for abuse of process; and (8) Edelson cannot bring a claim against the Bandas Defendants under the Illinois Attorney Act.

For these reasons, explained more thoroughly in the corresponding memorandum of law, the Bandas Defendants respectfully request that the Court dismiss Edelson's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), with prejudice.

                                                Respectfully submitted,

                                                CHRISTOPHER BANDAS and THE
                                                BANDAS LAW FIRM P.C.

                                                /s/       Darren VanPuymbrouck
                                                One of their attorneys.

Darren VanPuymbrouck
Alexander Vesselinovitch
Matthew Connelly
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
312-360-6000
dvan@freeborn.com
avesselinovitch@freeborn.com
mconnelly@freeborn.com

Dated:  April 10, 2017

**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that on April 10, 2017, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Rafey S. Balabanian
Benjamin Harris Richman
Eve-Lynn J. Rapp
Edelson PC
350 N. LaSalle Street, 13th Floor
Chicago, IL 60654
(312) 589-6370
rbalabanian@edelson.com
brichman@edelson.com
erapp@edelson.com
*Attorneys for Plaintiff*

Chris C. Gair
Kristi Lynn Nelson
Thomas Reynolds Heisle
Gair Eberhard Nelson Dedinas Ltd
1 East Wacker Drive
Suite 2600
Chicago, IL 60601
312-600-4900
cgair@gairlawgroup.com
knelson@gairlawgroup.com
theisler@gairlawgroup.com

Joseph R. Marconi
Brian C. Langs
Victor J. Pioli
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603
(312)372-0770
marconij@jbltd.com
langsb@jbltd.com
pioliv@jbltd.com
*Attorneys for Noonan Perillo & Thut Ltd. and C. Jeffrey Thut*

/s/ Darren VanPuymbrouck