IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE BANDAS LAW FIRM PC, a Texas professional corporation, CHRISTOPHER BANDAS, an individual, LAW OFFICES OF DARRELL PALMER PC d/b/a DARRELL PALMER LAW OFFICE, a suspended California professional corporation, JOSEPH DARRELL PALMER, an individual, NOONAN PERILLO & THUT LTD., an Illinois corporation, C. JEFFERY THUT, an individual, GARY STEWART, an individual, and JOHN DOES 1-20,<br><br>*Defendants*. | Case. No. 16-cv-11057<br><br>Hon. Rebecca R. Pallmeyer |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT

Based on an unaccepted Rule 68 offer, Defendants Christopher Bandas and the Bandas Law Firm PC (collectively, in the singular, "Bandas") ask the Court to enter judgment in the form of an injunction that they deem sufficient to end the litigation. Their motion lacks citation to any relevant authority and ignores binding authority that bars the Court from entering judgment on the unaccepted offer. And while courts do have discretion to enter judgment over a plaintiff's objection when a defendant offers an unconditional surrender, this is Bandas's attempt to *avoid* such a surrender. His proposed injunction is so vague that it effectively prohibits nothing. His motion should be denied.

1

**I.      Bandas Fails to Cite Any Cases.**

While Bandas's motion makes reference to several Federal Rules of Civil Procedure, it fails to include a single case citation. "Where an argument is "underdeveloped and unsupported by law, it will be waived." *Giffney Perret, Inc. v. Matthews*, No. 07C0869, 2009 WL 792484, at *16 (N.D. Ill. Mar. 24, 2009) (Pallmeyer, J.) (internal quotation marks omitted). There are, as detailed below, a significant number of binding cases that are relevant to Bandas's request, and he cites none of them. His motion should be summarily denied for failing to cite authority.

**II.     The Court Cannot Enter Judgment on an Unaccepted Rule 68 Offer.**

Bandas's suggestion that the Court can enter judgment on his unaccepted Rule 68 offer is foreclosed by Supreme Court and Circuit precedent. "An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 81 (2013) (Kagan, J., dissenting)). "Rule 68 precludes a court from imposing judgment for a plaintiff ... based on an unaccepted settlement offer made pursuant to its terms," and it "provides no appropriate mechanism for a court to terminate a lawsuit without the plaintiff's consent." *Genesis Healthcare*, 569 U.S. at 85 (Kagan, J., dissenting); *see Gomez*, 136 S. Ct. at 670 ("We now adopt Justice KAGAN's analysis, as has every Court of Appeals ruling on the issue post *Genesis Healthcare*."); *Chapman v. First Index, Inc.*, 796 F.3d 783, 786-87 (7th Cir. 2015) (same).

Bandas seems to be trying to avoid *Gomez* by invoking Rule 58 instead of Rule 68, although it may be a typographical error; his lack of case citations makes it difficult to tell. Nevertheless, this tactic fails too. The Seventh Circuit has extended *Gomez* to bar attempts to use other procedural mechanisms to "force a settlement on an unwilling party[.]" *Fulton Dental, LLC*

*v. Bisco, Inc.*, 860 F.3d 541, 545 (7th Cir. 2017) (rejecting defendant's attempt to use Rule 67 to prematurely end case). While Bandas has made a career of manipulating the rules of civil procedure to force plaintiffs' class action firms to accede to settlements that benefit only him, binding authority forecloses his ability to do so here.

### III. Bandas Has Not Offered a Total Surrender.

Separate from Rule 68, it is true that "a court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory." *Genesis*, 569 U.S. at 85 (Kagan, J., dissenting). However, "the court may not take that tack" here because "the supposed capitulation in fact fails to give the plaintiff all the law authorizes and [it] has sought." *See id.* Edelson is hardly "mad[]" to decline a judgment that omits a core piece of the relief it requests (a vexatious litigant order as authorized by the All Writs Act) and that contains loopholes large enough for Bandas to drive a city bus through.

Most obviously, Bandas ignores Edelson's request for relief under the All Writs Act labeling Bandas and his firm "'vexatious litigants' and prohibiting them from objecting in class action lawsuits without prior court approval." (Dkt. 106 at 6.) While Edelson's request for that relief is not a separate claim, the Court held that Edelson "is welcome to re-assert its requests for judicial action pursuant to the All Writs Act during the course of the litigation." (*Id.* at 22.) Bandas's proposed judgment does not even mention a vexatious litigant order, let alone agree to its entry. Because it failed to consent to all of the relief Edelson requests, the motion for judgment cannot be viewed as an unconditional surrender.

Setting that aside, the judgment Bandas requests does not provide full relief because it would allow him to carry on largely—if not entirely—as before. Bandas purports to consent to:

3

>entry of Judgment against them for all of the relief sought against them in the sole remaining count of Plaintiff's Complaint, Count V, finding that "the Bandas Law Firm PC and Christopher Bandas engaged in the unauthorized practice of law in Illinois" and ordering that the Bandas Law Firm PC and Christopher Bandas are enjoined "from the further practice of law in Illinois unless and until they obtain authorization from the Supreme Court of Illinois to practice law."

(Dkt. 113 ¶ 4.)[1] A judgment that merely recites Edelson's summary description of the injunction is the equitable equivalent of a judgment that awards "monetary, actual, consequential, and compensatory damages," (*see* dkt. 50 at 87), without specifying an amount. *Cf. Cooke v. Jackson Nat'l Life Ins. Co.*, 882 F.3d 630, 632 (7th Cir. 2018) (holding that a judgment without an amount due is not a final judgment). Both are equally empty.

Even if the description of the injunction in the complaint were all of the relief Edelson could obtain (which is not the case), Bandas's proposal doesn't even give Edelson that. He asks the Court to find that "the Bandas Law Firm PC and Christopher Bandas engaged in the unauthorized practice of law in Illinois," but he conveniently omits any discussion of which of his actions that statement refers to. That is less than what Edelson asked for, which was an order finding that the conduct described in the complaint constitutes the unauthorized practice of law. (Dkt. 50 at 86-87.) Bandas's answer makes the reason for that omission obvious, as he specifically denies that the actions Edelson describes constitute the unauthorized practice of law. (*See* dkt. 111 at 47-48.) Bandas's "continuing denial of liability" further demonstrates the inadequacy of his Rule 68 offer and request for entry of judgment. *Gomez*, 136 S. Ct. at 670

---

[1] Bandas's Rule 68 offer appears to track the language in Edelson's complaint. (*Compare* dkt. 113 ¶ 4 *with* dkt. 50 at 86-87.) But Edelson's complaint is not required to set out the terms of the injunction it seeks in full; it merely needs to put the defendants on notice of the relief it seeks. *See Williams v. Sheriff of Cook Cty.*, No. 16 C 7639, 2017 WL 878731, at *2 (N.D. Ill. Mar. 6, 2017) (Feinerman, J.) (finding that a request for the court to "grant appropriate injunctive relief" was satisfactory); *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir. 2002) (finding that a request for declaratory relief could be understood as a request for replevin, an injunction, or imposition of a constructive trust).

("Having rejected Campbell's settlement bid, and given Campbell's continuing denial of liability, Gomez gained no entitlement to the relief Campbell previously offered.")

Practically, if Bandas's proposed injunction were entered and Edelson later asked the Court to initiate contempt proceedings when he inevitably violates its terms, Bandas will simply argue that he understood the injunction to prevent conduct different from whatever he happened to get caught doing. To have any real-world effect, the injunction needs to enumerate the specific acts that Bandas must not do. *See* Fed. R. Civ. P. 65(d)(1)(C); *see also Catanzano v. Doar*, 378 F. Supp. 2d 309, 317 (W.D.N.Y. 2005) (finding simplistic Rule 68 offer for injunctive relief too ambiguous because it failed to spell out the specific terms which were the subject of dispute amongst the parties during the litigation). Without specifics, it is just an order requiring him to follow the law. *See E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841 (7th Cir. 2013) (finding that an "injunction that does no more than order a defeated litigant to obey the law" is problematically vague).

## CONCLUSION

The Supreme Court "has recognized 'the deep-rooted historic tradition that everyone should have his own day in court.'" *Conrad v. Boiron, Inc.*, 869 F.3d 536, 541 (7th Cir. 2017) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008)). In its complaint, Edelson listed over a dozen cases in which Bandas engaged in the unauthorized practice of law or aided someone else in doing so, (dkt. 50 ¶ 109), and it provided illustrative examples of the relevant conduct, (*id*. ¶ 259.) Bandas has denied these claims, so Edelson is now in the process of obtaining the information it needs to draft an injunction to curb that conduct with the required specificity, and to prove its entitlement to the injunction at trial. If Bandas wants to avoid the expense of that trial, then he can attempt to win summary judgment in his favor or he can admit liability and

default.[2] He cannot, however, prematurely end Edelson's case by dictating the entry of judgment against him in the form of his own choosing.

Respectfully Submitted,

**EDELSON PC**

Dated: September 12, 2018      By: /s/Alexander G. Tievsky
*One of its attorneys*

Benjamin H. Richman
brichman@edelson.com
Ryan D. Andrews
randrews@edelson.com
Alexander G. Tievsky
atievsky@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

---

[2]    *See Chapman*, 796 F.3d at 787 (musing in dicta about "whether a spurned offer of complete compensation should be deemed an affirmative defense, perhaps in the nature of an estoppel or a waiver").

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                                            /s/Jessica R. Woodard