IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, | |
| *Plaintiff*, | Case. No. 16-cv-11057 |
| v. | Hon. Rebecca R. Pallmeyer |
| THE BANDAS LAW FIRM PC, et al. | |
| *Defendants*. | |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO SUBPOENAS**

Plaintiff Edelson PC ("Edelson") respectfully requests that the Court order third-party respondents Burke Law Offices LLC ("Burke") and Caffarelli & Associates, Ltd. ("Caffarelli"), to produce documents that they have withheld on the basis of mediation privilege. In support of its motion, Edelson states as follows:

1. This case involves Defendants Christopher Bandas's and the Bandas Law Firm's practice of "regularly involv[ing] themselves in [class action lawsuits] by filing what Plaintiff alleges are frivolous objections in order to leverage lucrative payoffs." *Edelson PC v. Bandas Law Firm PC*, No. 16 C 11057, 2018 WL 3496085, at *1 (N.D. Ill. July 20, 2018). "Plaintiff alleges that Bandas prepared the *Gannett* objection, represented Stewart in the action, and coordinated the sham mediation session despite the fact that he is not licensed to practice law in Illinois, did not move for *pro hac vice* admission, and did not file an appearance with the Court in *Gannett* in order to avoid submitting himself to [its] jurisdiction[.]" *Id.* at *9; *accord Clark v. Gannett Co., Inc.*, — N.E.3d —, 2018 IL App (1st) 172041, ¶ 85 (holding that Bandas "engaged in a fraud on the court" failing to seek *pro hac vice* admission).

2. Among the behaviors that the Illinois Attorney Act identifies as the unauthorized practice of law is the acceptance of a fee for legal services by someone who lacks authorization to practice. *King v. First Capital Fin. Servs. Corp.*, 828 N.E. 2d 1155, 1166-67 (Ill. 2005) (quoting 705 ILCS 205/1); *see also Clark*, 2018 IL App (1st) 172041, ¶ 75. Edelson is attempting to learn the different ways in which Bandas receives unauthorized legal fees so that it can propose a clear and effective injunction.

3. To prove those allegations, Edelson served subpoenas upon Burke and Caffarelli who were class counsel in cases it identified in its complaint. (Subpoena to Burke, attached hereto as Exhibit 1; Subpoena to Caffarelli, attached hereto as Exhibit 2.) Burke represented the settlement classes in *In re Capital One TCPA Litigation*, No. 12-cv-10064 (N.D. Ill.) (Holderman and Bucklo, JJ.), and *Gehrich v. Chase Bank, USA, N.A.*, No. 12-cv-05510 (N.D. Ill.) (Feinerman, J.). Caffarelli represented the settlement class in *Allen v. JPMorgan Chase Bank, NA*, No. 13-cv-08285 (N.D. Ill.) (Pallmeyer, J.).

4. In all three cases—*Capital One*, *Gehrich*, and *Allen*—Bandas interposed an objection without entering an appearance, noticed an appeal, then dropped it. Edelson has learned through discovery that Bandas received $75,000 to drop the objection in *Allen*. (Settlement Letter, attached hereto as Exhibit 3.) Edelson has obtained records related to *Capital One* from Burke's co-counsel, Lieff Cabraser, which complied with a similar subpoena after the Court entered an agreed confidentiality order. However, Caffarelli and Burke each have records of communications with Bandas and evidence of payments to Bandas in the other two cases that will help Edelson prove the following:

    a. The fact and amount of a payments to Bandas;

    b. That the payments were attorneys' fees to Bandas and Palmer;

      c.      That Palmer shared some of his fees with Bandas;

      d.      That Bandas provided legal services to the objectors by communicating with class counsel on behalf of his purported clients; and

      e.      That Bandas conducted the mediations and negotiated the payment of attorneys' fees to himself.

5.      Caffarelli and Burke have withheld relevant documents based on the theory that they are covered by mediation privilege pursuant to Federal Rule of Appellate Procedure 33, which is relevant because the settlements in both *Gehrich* and *Allen* were facilitated by the Seventh Circuit Mediator.[1] (Caffarelli's Response to Subpoena, attached hereto as Exhibit 4, Burke's Response to Subpoena, attached hereto as Exhibit 5.) After telephone meet-and-confer calls, Caffarelli declined to produce mediation communications—including settlement agreements—without a Court order confirming that that it was allowed to do so. Burke indicated that it did not believe that it was required to produce the documents.

6.      On its face, FRAP 33 says nothing about confidentiality. However, a document prepared by the Circuit Mediator's Office states that "The Court requires all participants to keep what is said in these mediations strictly confidential." *See* Mediation FAQs, U.S. Court of Appeals for the Seventh Circuit, Circuit Mediation Office, http://www.ca7.uscourts.gov/mediation/green_sheet.pdf.

7.      Neither the rules nor the statement of the mediator's office provides any basis to withhold these documents.[2] Particularly in the context of a class action, "there is no convincing

---

[1] Each also withheld communications that were solely among co-counsel and communications internal to their firms. Edelson does not seek to compel production of these documents.

[2] While state law controls questions of privilege in diversity cases, *see* Fed. R. Evid. 501, neither Burke nor Caffarelli has asserted any state law privilege.

3

basis" under federal law for the proposition "the conduct of the settlement negotiations is protected from examination by some form of privilege[.]" *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 n.20 (7th Cir. 1979); *see also Thermal Design, Inc. v. Guardian Bldg. Prod., Inc.*, 270 F.R.D. 437, 439 (E.D. Wis. 2010) ("[T]here is no federal privilege preventing the discovery of settlement agreements and related documents."). Specifically in the context of a Rule 33 mediation, the Seventh Circuit has noted that "[a]lthough settlement negotiations are of course confidential for most purposes, their contents may be revealed insofar as necessary for the decision of an issue of alleged misconduct in them." *In re Young*, 253 F.3d 926, 927 (7th Cir. 2001).

8. Edelson believes that during those mediations, that Bandas agreed to receive attorneys' fees in violation of the Illinois Attorney Act. Receipt of those fees was misconduct, and it occurred during the mediation. Edelson requires documents that might ordinarily be confidential in order to prove it. Further, while settlement *negotiations* are confidential, neither FRAP 33 nor the mediator's statement says anything about settlement *agreements*, which Burke and Caffarelli have also withheld.

9. The appropriateness of this subpoena is underscored by the Seventh Circuit's recent pronouncement that "selfish settlements by objectors are a serious problem" and its admission that it is "not without fault for contributing to the problem" by insufficiently scrutinizing voluntary dismissals of objections. *Pearson v. Target Corp.*, 893 F.3d 980, 986-87 (7th Cir. 2018). *Young* and *Pearson* confirm that the Seventh Circuit does not countenance the use of its rules to hide the misconduct of bad-faith objector counsel like Bandas.

**WHEREFORE**, Plaintiff respectfully requests that that Caffarelli and Burke be required to produce responsive documents that they withheld pursuant to mediation privilege.

                                                Respectfully submitted,

                                                **EDELSON PC**,

Dated: December 13, 2018          By: s/ Alexander G. Tievsky
                                                One of Plaintiff's Attorneys

                                                Benjamin H. Richman
                                                brichman@edelson.com
                                                Ryan D. Andrews
                                                randrews@edelson.com
                                                Alexander G. Tievsky
                                                atievsky@edelson.com
                                                EDELSON PC
                                                350 North LaSalle Street, 14th Floor
                                                Chicago, Illinois 60654
                                                Tel: 312.589.6370
                                                Fax: 312.589.6378

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I certify that counsel for all parties are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I further certify that on the same date, I served the above and foregoing via electronic mail and United States mail, postage prepaid, upon the following persons:

Burke Law Offices LLC
155 North Michigan Avenue, Suite 9020
Chicago, Illinois 60601
ABurke@burkelawllc.com

Caffarelli & Associates, Ltd.
224 South Michigan Avenue, Suite 300
Chicago, Illinois 60604
acaffarelli@caffarelli.com

                                                       /s/ Alexander G. Tievsky