IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDELSON PC, | |
| *Plaintiff*, | |
| v. | Case No. 1:16-cv-11057 |
| THE BANDAS LAW FIRM PC, et al. | Hon. Rebecca R. Pallmeyer |
| *Defendants* | |
| | |
| THE BANDAS LAW FIRM PC, et al. | |
| *Counterplaintiff*, | |
| v. | |
| EDELSON PC, JAY EDELSON, RAFEY BALABANIAN, ALEXANDER TIEVSKY, RYAN ANDREWS, BENJAMIN RICHMAN, AND EVE-LYNN RAPP | |
| *Counterdefendants.* | |

## MOTION TO EXTEND DEADLINES

Defendants/Counterplaintiffs, Christopher Bandas and the Bandas Law Firm PC (collectively, "Bandas"), respectfully move this Court pursuant to Federal Rule of Civil Procedure 16 to extend fact discovery deadline and the deadline for expert disclosures. In support of its motion, Bandas states as follows:

1. Good cause exists to grant the extension. First, on December 13, 2018, Edelson moved for an extension of the time to answer or otherwise plead to Bandas' counterclaim because "one of the attorneys primarily responsible for preparing Edelson's response to the counterclaims

1

has pre-planned and prepaid international travel and will have limited availability to work on this matter during the month of December." (See dkts. 148)

2. To accommodate Edelson's personal travel schedule and to avoid involving the Court in a dispute over Edelson's request for an extension, Bandas did not oppose Edelson's motion. The Court granted Edelson until February 1, 2019 to answer or otherwise plead to the counterclaim. (dkts. 150)

3. Currently, the fact discovery and expert disclosure deadlines are set for January 18, 2019--2 weeks before Edelson will even plead in response to Bandas' counterclaim. Obviously, Bandas is entitled to discovery related to its counterclaim that will be shaped, at least in part, by Edelson's response to the counterclaim that will not be due until 2 weeks after fact discovery is scheduled to close.

4. Bandas is also entitled to depose each of the six counterdefendants that obviously cannot be accomplished before 1/18/2019. Moreover, Bandas would like to avoid re-deposing Jay Edelson and Rafey Balabanian as counterdefendants in addition to their depositions as plaintiffs. Thus, an extension is warranted to allow Bandas to obtain discovery from Edelson related to its counterclaim and to avoid redundant depositions.

5. Bandas also anticipates that the testimony of the counterdefendants and the outstanding document production that will come from meet-and-confer efforts are likely to identify additional witnesses who need to be contacted, documents that need to be requested, and additional witnesses who will need to be deposed.

6. In addition, Bandas served Edelson with its Rule 34 request for production on October 4, 2018. At Edelson's request, however, it did not respond to Bandas' RFP until November 30, 2018. When Edelson eventually made its document production, it identified 14,357 pages

responsive to those requests, but claimed that 9565 of those pages are privileged. Edelson's privilege log is 37 pages in length.

7. Moreover, the privilege log provided by Edelson does not provide sufficient information to fully evaluate the basis for the asserted privilege or whether such assertions are trustworthy. Substantial additional information will be required from Edelson to make those determinations, including the need to meet-and-confer with Edelson about the same, and, if necessary, seek the Court's intervention.

8. In addition, on October 3, 2018, Bandas served Edelson with its first interrogatories. At Edelson's request, Edelson did not respond to those interrogatories until November 8, 2018. In its answer to Bandas' interrogatories, however, Edelson improperly construed Bandas' requests as exceeding the 25 interrogatory limit, and therefore refused to provide any response whatsoever to 10 of Bandas' interrogatories. The parties are currently engaged in the meet-and confer-process.

9. In addition, in order for the parties' experts to formulate their opinions including consideration of all of the testimony in these two matters, it is important that the expert disclosure deadline be separate from the fact discovery deadline by at least 45 days in order for the experts to receive and review deposition transcripts.

10. In order to work through the outstanding issues related to Edelson's inadequate response to Banda's interrogatories, its over-inclusion of responsive documents as being privileged, the need for additional information to test those claims, and specifically because Bandas is entitled to discovery on its counterclaim including the deposition of the 6 counterdefendants, as well as to other potential witnesses identified during those depositions, a 90 day extension of the fact discovery deadline would likely be sufficient, depending on Edelson's

cooperation. An expert disclosure deadline 45 days thereafter would allow the parties' experts to take this discovery into consideration before making their expert disclosures.

**WHEREFORE**, Defendant/Counterplaintiff respectfully requests that the Court extend the discovery deadline until April 8, 2019 and the expert disclosure deadline until June 3, 2019.

Respectfully Submitted,

Bandas Law Firm PC and
Christopher Bandas

By:/s/ Darren VanPuymbrouck

One of Defendants/Counterplaintiffs Attorneys

Dated: January 3, 2019

Darren VanPuymbrouck
Falkenberg Ives LLP
30 N LaSalle Street, Suite 4020
Chicago, Illinois 60602
312-566-4805
dvan@falkenbergives.com

## **CERTIFICATE OF SERVICE**

     I, Darren VanPuymbrouck, an attorney, hereby certify that on January 3, 2019, I caused to be served the above and foregoing by causing a true and accurate copy of such paper to be filed and transmitted on all counsel of record via the court's CM/ECF electronic filing system.

                                                   /s/Darren VanPuymbrouck