IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC, | |
|     *Plaintiff*, | Case. No. 16-cv-11057 |
| v. | Hon. Rebecca R. Pallmeyer |
| THE BANDAS LAW FIRM PC, et al. | |
|     *Defendants*. | |

**EDELSON PC'S MOTION TO STAY DISCOVERY ON COUNTERCLAIMS
AND THIRD-PARTY CLAIMS**

Counterdefendant Edelson PC requests that the Court enter an order staying all discovery related to the counterclaims and third-party claims filed by Christopher Bandas and the Bandas Law Firm PC until after Edelson's 12(b)(6) motion has been resolved. In support of its motion, it states as follows:

1. Less than 30 minutes before the deadline to amend pleadings, Bandas filed counterclaims against Edelson and six of its attorneys. (Dkt. 143.) None of the allegations in the counterclaims are based on new "facts" learned in discovery but appear to be based on events predating the start of this case more than two years ago.

2. Edelson believes that Bandas's claims are frivolous and intends to file a motion to dismiss under Rule 12(b)(6). "District courts have broad discretion in supervising discovery matters and deciding discovery motions," and stays of discovery pending ruling on a motion to dismiss "are granted with substantial frequency." *Slottke v. State of Wisconsin Dep't of Indus., Labor*, No. 16-CV-1392-PP, 2017 WL 168901, at *1 (E.D. Wis. Jan. 17, 2017).

1

3. Indeed, this case is no exception. At Bandas's request, the Court granted a motion staying all discovery other than initial disclosures until after Defendants' motions to dismiss were resolved. (Dkt. 49.) Having protected Bandas from discovery on claims that were ultimately dismissed, the Court should not now require Edelson to respond to discovery on Bandas's claims before motions to dismiss are resolved.

4. A stay is further appropriate here to protect Edelson and its attorneys "from annoyance, embarrassment, oppression, or undue burden or expense[.]" *See* Fed. R. Civ. P. 26(c). As noted above, Bandas names six Edelson attorneys individually as defendants, including an associate. Despite the heightened pleading requirement for fraud claims, Bandas's pleading contains almost no allegations regarding the actions of most of those attorneys. However, he did see fit to include a number of inflammatory and largely irrelevant attacks. (*See* dkt. 143, Bandas Counterclaims ¶¶ 1, 4, 23, 27) (referring to a "grotesque money grab" and "bag of dirty tricks," among other invective). These allegations "do not simply relate facts, but instead overflow with personal insults that obviously are calculated to harass and intimidate opposing counsel." *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1325 (11th Cir. 2002). That harassing purpose is underscored by Bandas's demand to depose all of the attorneys litigating this case. (Dkt. 158 ¶ 4.) Given the tone of these allegations, Bandas's intended discovery requests are likely to be even more over-the-top, which will require further motions for protective orders. That motion practice will be unnecessary if Bandas's counterclaims are dismissed, and a stay is therefore the most efficient way to proceed.

5. Staying discovery on the counterclaims will not impact the rest of the case from moving forward. Edelson's claims relate solely to Bandas's unauthorized practice of law, while the counterclaims appear to involve accusations that Edelson purportedly engaged in misconduct.

Edelson's alleged conduct is unrelated to the question of whether Bandas practiced law without a license, so the claims and counterclaims can efficiently proceed on separate tracks.

6. Finally, while it is probably an unnecessary step, Edelson has no objection to exchanging Rule 26(a)(1)(A) disclosures with Bandas regarding his claims.

**WHEREFORE,** Counterdefendant Edelson PC respectfully requests that the Court enter an order staying discovery on Bandas's counterclaims and third-party claims pending ruling on motions to dismiss.

Respectfully submitted,

**EDELSON PC**,

Dated: January 4, 2019

By: s/ Alexander G. Tievsky
One of Its Attorneys

Benjamin H. Richman
brichman@edelson.com
Ryan D. Andrews
randrews@edelson.com
Alexander G. Tievsky
atievsky@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I certify that counsel for all parties are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                /s/ Alexander G. Tievsky