UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EDELSON PC**<br><br>Plaintiff,<br><br>v.<br><br>**THE BANDAS LAW FIRM PC and CHRISTOPHER BANDAS,**<br><br>Defendants. | **No. 16-CV-11057**<br><br>Hon. Rebecca R. Pallmeyer |

## DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND WITHDRAW COUNTERCLAIM AND FOR JUDGMENT ON THE PLEADINGS

Defendants The Bandas Law Firm and Christopher Bandas move for leave to amend their Amended Answer and withdraw their Counterclaim pursuant to Fed. R. Civ. P. 15(a) and for the entry of judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

I.    Leave to Amend.

Defendants originally filed an Answer to the First Amended Complaint on August 28, 2018. (Docket Entry #111.) Subsequently, on Plaintiff's Motion, the Court extended the deadline to amend pleadings from October 15, 2018 to December 3, 2018. (Docket Entries #110, #125, #130.) On December 3, 2018, Defendants filed their operative Amended Answer and Counterclaim. (Docket Entry #143.) Accordingly, at this time, further leave is necessary in order to file an amended pleading, which Defendants seek under the liberal standard of Rule 15(a). *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015).

By their Second Amended Answer, Defendants propose to admit all allegations relevant and material to the relief sought in Count V of the First Amended Complaint,

1

which is the sole remaining count as a result of this Court's orders on Defendants' Motion to Dismiss.[1] (Docket Entries #95, #106.) In Count V of its First Amended Complaint, Plaintiff seeks relief under the unauthorized practice provision of the Illinois Attorney Act, 705 ILCS 205/1. In its general prayer for relief, Plaintiff seeks the following with respect to its claim under the Illinois Attorney Act:

> An order finding that the Unauthorized Defendants' actions as set out above constitute the unauthorized practice of law in Illinois and enjoining them from the further practice of law in Illinois unless and until they obtain authorization from the Supreme Court of Illinois to practice law.

(Docket Entry #50.)

Defendants wish to amend their pleading to admit that they have engaged in the unauthorized practice of law in Illinois as described in the First Amended Complaint, that they have violated the unauthorized practice provision of the Illinois Attorney Act, 705 ILCS 205/1, and that Plaintiff is entitled to a permanent injunction that Defendants shall not engage in the practice of law in the State of Illinois unless and until they obtain authorization from the Supreme Court of Illinois to do so.

Additionally, informed by this Court's opinions and the opinion of Justice Hyman in *Clark v. Gannett Co.*, 2018 IL App (1st) 172041, regarding Defendants' unethical, improper, and misleading conduct in filing or causing to be filed objections to proposed class action settlements, Defendants also agree that Plaintiff is entitled to a permanent injunction that Defendants shall not file or cause to be filed any objection to proposed class action settlements in any state or federal court unless such objection satisfies the following criteria:

---

[1] The Court has dismissed the following claims originally asserted by Plaintiff: "RICO" claims under 18 U.S.C. § 1962 (Counts I and II); a claim for a permanent injunction under the All Writs Act, 28 U.S.C. § 1651 (Count III); and an abuse of process claim under Illinois law (Count IV).

2

 (i) The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection; and

 (ii) Any payment in connection with the objection must be disclosed and approved by the court and, unless approved by the court after a hearing, no payment or other consideration may be provided in connection with forgoing or withdrawing the objection or forgoing, dismissing, or abandoning an appeal from a judgment approving the proposal.

In sum, Defendants propose to amend their Answer and withdraw their Counterclaim in order to agree that Plaintiff is entitled to the entry of the permanent injunction it has expressly sought under the Illinois Attorney Act and also granting the additional relief relating to any future class objections by Defendants as proposed herein.

This relief is entirely justified under the circumstances. Defendants understand and recognize the disservice to the legal profession and the reputations of attorneys generally that necessarily attends a court's finding that yet another member of the bar and law firm has placed self-interest and financial considerations above ethical obligations. The orders of this Court are a matter of public record. Defendants acknowledge that their reputations before the courts of this jurisdiction and across the country have been gravely but justifiably tarnished. Undoubtedly, should Defendants continue to practice class litigation, they will carry the tattoo of these orders with them and they greatly regret the circumstances that bring them before this Court.

 II. <u>Entry of Judgment on the Pleadings.</u>

In the event the Court grants Defendants leave to file their proposed Second Amended Answer admitting all allegations material to Count V of the First Amended Complaint and to withdraw their Counterclaim, Defendants move for judgment on the pleadings. Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to

3

delay trial—a party may move for judgment on the pleadings." Although judgment on the pleadings is not usually sought by the moving party against itself, nothing in Rule 12(c) or the case law forecloses such relief. In fact, such relief fulfills the purpose of a judgment on the pleadings, which is to terminate a case or claim if the "the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007); *see also N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (To succeed on a Rule 12(c) motion, "the moving party must demonstrate that there are no material issues of fact to be resolved.").

Defendants are proposing to admit all factual allegations material to Plaintiff's sole remaining claim for an injunction under the Illinois Attorney Act. Consequently, there are zero factual issues that require this Court's examination and adjudication. Moreover, because Defendants agree that Plaintiff is entitled to the relief it seeks in Count V[2]—plus the additional relief related to class objections proposed by Defendants in this Motion— there can be no legitimate dispute that Plaintiff's claim does not require any further judicial process, and that the highest and best use of judicial resources under the circumstances is the entry of judgment on the pleadings in favor of Plaintiff. As pithily stated by Judge Easterbrook in his opinion in *Chapman v. First Index, Inc.*, 796 F.3d 783, 787-788 (7th Cir. 2015):

> If there is only one plaintiff, however, why should a court supply a subsidized dispute-resolution service when the defendant's offer means that there's no need for judicial assistance, and when other litigants, who do need the court's aid, are waiting in a queue? Ordering a defendant to do what it is willing to do has no legitimate claim on judicial time. Why should a judge do legal research and write an opinion on what may be a

---

[2] Because they accept full responsibility for their unethical conduct, Defendants are willing to consider additional reasonable proposals for injunctive relief that are sufficiently related to the unauthorized practice claim that remains pending.

4

complex issue when the plaintiff can have relief for the asking? Opinions are supposed to be the byproducts of real disputes.

These principles are especially applicable here. In light of Defendants' proposed Amended Answer, the withdrawal of the Counterclaim, and their "unconditional surrender" to Plaintiff's request for relief on the sole remaining count of the First Amended Complaint, *see Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 85, 133 S. Ct. 1523, 1536, 185 L. Ed. 2d 636 (2013) (Kagan, J., dissenting), what remains in dispute in this case? Defendants are totally capitulating to everything Plaintiff seeks in Count V (and more).

To allow this case to proceed would undermine Judge Easterbrook's admonition that the courts should not be used as a "subsidized dispute-resolution service." More troubling, however, is that it appears that the sole remaining purpose of this case, if it were to continue after Defendants' capitulation, would be retribution. That this would be an improper use of the courts is undeniable. *Arnold v. Villarreal*, 853 F.3d 384, 389 (7th Cir. 2017) ("[T]he courts are not a proper venue for petty score-settling.").

## CONCLUSION

Defendants respectfully request that the Court grant leave to Defendants to file a Second Amended Answer and withdraw their Counterclaim, and also enter judgment on the pleadings.

Dated:  January 15, 2019            /s/  Robert P. Cummins
    Robert P. Cummins
    NORMAN, HANSON & DETROY, LLC
    Two Canal Plaza, P.O. Box 4600
    Portland, ME 04112-4600
    Email: rcummins@nhdlaw.com
    Tel.:  (207) 774-7000
    Fax:  (207) 775-0806
    *Attorney for Defendants The Bandas Law Firm PC and Christopher Bandas*
    (Appearance pending)

5

<u>CERTIFICATE OF SERVICE</u>

I certify that on January 15, 2019, I electronically filed the foregoing Motion with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to counsel of record.

    /s/ Robert P. Cummins
Robert P. Cummins
NORMAN, HANSON & DETROY, LLC
Two Canal Plaza, P.O. Box 4600
Portland, ME 04112-4600
Email: rcummins@nhdlaw.com
Tel.: (207) 774-7000
Fax: (207) 775-0806
*Attorney for Defendants The Bandas Law Firm PC and Christopher Bandas*
(Appearance pending)