```
         IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

EDELSON PC, an Illinois professional corporation, individually and on behalf of all others similarly situated,

        Plaintiff,

   vs.

THE BANDAS LAW FIRM PC, et al.,

        Defendants.

Docket No. 16 C 11057

Chicago, Illinois
January 17, 2019
9:02 a.m.

    TRANSCRIPT OF PROCEEDINGS - Motion
BEFORE THE HONORABLE REBECCA R. PALLMEYER

APPEARANCES:

For the Plaintiff:      EDELSON PC
                         BY:  MR. ALEXANDER G. TIEVSKY
                             MR. RYAN D. ANDREWS
                         350 North LaSalle Street, Suite 1300
                         Chicago, Illinois  60654

For the Defendants     FALKENBERG IVES LLP
Christopher Bandas and  BY:  MR. DARREN Van PUYMBROUCK
The Bandas Law Firm:    30 North LaSalle Street, Suite 4020
                         Chicago, Illinois  60602

                         NORMAN HANSON DeTROY LLC
                         BY:  MR. ROBERT P. CUMMINS
                         Two Canal Plaza, P.O. Box 4600
                         Portland, Maine  04112

Court Reporter:       FRANCES WARD, CSR, RPR, RMR, FCRR
                         Official Court Reporter
                         219 S. Dearborn Street, Suite 2144D
                         Chicago, Illinois  60604
                         (312) 435-5561
                         frances_ward@ilnd.uscourts.gov

```
 1              THE CLERK:  16 C 11057, Edelson versus The Bandas
 2    Law Firm on a motion.
 3              MR. TIEVSKY:  Good morning, your Honor.
 4              Alexander Tievsky for the plaintiff.  I am here
 5    with Ryan Andrews.  My client, Jay Edelson, is here today as
 6    well.
 7              THE COURT:  Good morning.
 8              MR. VAN PUYMBROUCK:  Good morning, your Honor.
 9              Darren Van Puymbrouck here on behalf of Christopher
10    Bandas and The Bandas Law Firm PC.
11              And, of course, Mr. Cummins is now with us as well.
12              MR. CUMMINS:  Judge, I filed a motion for leave to
13    be admitted in the case.
14              THE COURT:  I saw the motion.
15              I assume there is no objection.
16              MR. TIEVSKY:  To the -- for leave for him to
17    appear?  No, no objection.
18              MR. VAN PUYMBROUCK:  Judge, can I mention that
19    Mr. Bandas is in the courtroom as well.
20              THE COURT:  Good morning, Mr. Bandas.
21              MR. BANDAS:  Good morning, your Honor.
22              THE COURT:  And I have seen the other motion filed
23    by Mr. Bandas through substitute counsel.
24              What is the plaintiff's position on that motion?
25              MR. TIEVSKY:  So as far as -- there is a few parts
```

1  to it.

2  The first part is the withdrawal of the
3  counterclaims. No objection to that. They can withdraw the
4  counterclaims.

5  As far as the amended answer, assuming they are
6  doing what they say they are doing; that is, admitting to our
7  allegations, withdrawing their affirmative defenses, no
8  objection to that either.

9  The last part, entry of judgment, we think is not
10 quite right. We haven't seen any proposed judgment.
11 Defendants have promised to produce documents to us tomorrow.
12 That should give us basically everything we need to craft a
13 judgment that I think both sides are going to be able to
14 agree to. So as long as we understand everything that's
15 going on from a factual perspective, everything that
16 Mr. Bandas has done, and as long as we see the pleading,
17 obviously, then I think that the parties are going to be able
18 to come to an agreement on what the injunction should say.

19 THE COURT: Mr. Cummins, anything you want to add?

20 MR. CUMMINS: Judge, it's pretty clear that we are
21 offering capitulation here and that there is really no
22 factual issue in dispute. We have conceded everything in our
23 papers. Now, I do acknowledge that they have not seen a
24 specific answer to the complaint, the one count that remains.

25 I suggested that what we do is use the jury room,

1  go through each element of their allegations, resolve any
2  question they have.  It's pretty clear what the judgment
3  would say.  And we have offered to add additional issues
4  if -- additional matters, I should say, if they are merited
5  under the circumstances.
6      So there is really no case or controversy here any
7  longer, in my opinion.
8      And Mr. Bandas is here to acknowledge to this Court
9  his -- he got the message.  He is willing to undertake all of
10 the limitations that they originally suggested in their
11 pleadings and, in addition, to undertake some of the
12 suggestions that this Court made in its opinion.
13     So it ought to come to an end, Judge, without any
14 further burden on this Court.  This is precisely the kind of
15 case that Judge Easterbrook described in that penultimate
16 paragraph of the *Chapman* case.  There is really no issue
17 left.  It's a mechanical matter, in my judgment, of putting
18 together the documents.
19     So we would respectfully urge that you encourage us
20 to sit down and see if we can't wrap it up this morning.
21     MR. TIEVSKY:  I don't think there is a chance it
22 will be wrapped up this morning.
23     So Rule 54(c) entitles us to judgment on everything
24 we can prove.  As to the idea that it's limited to the
25 pleadings after six months of discovery and a compelling

1  order ordering them to give us documents that we can use -- I
2  have said to the Court a couple times that we need
3  information from them, like an accounting of what Mr. Bandas
4  has done, in order to craft an injunction that will actually
5  stop him from doing so in the future.
6      I think we are real close.  We have a lot of
7  documents.  As I said, they told us that they were prepared
8  to produce more tomorrow and answer our interrogatories,
9  which is possibly even more important.
10     Once we understand the whole factual situation, I
11 think we can come to an agreement.  But as far as what they
12 are saying, that there is no case or controversy anymore,
13 that's not right.  His document says "unconditional
14 surrender," but what I thought I just heard were conditions.
15 You can't really have it both ways.
16     THE COURT:  I didn't hear conditions.
17     My read of the pleading and my understanding of
18 what Mr. Cummins just told me is that it's pretty much an
19 unconditional surrender.
20     I think the pleading that I received yesterday was
21 somewhat extraordinary, and I would characterize it as 100
22 percent capitulation.
23     I think you should sit down and talk about whether
24 you can put language together that satisfies you.  If there
25 is some specifics that I need to go over with you or I can

1  help you with, I am here.  But I do think you should sit down
2  and work it out.
3           MR. CUMMINS:  Judge, that would be great.  I will
4  spend the day here, do whatever is necessary.
5           I will make one thing clear.  And I make this
6  commitment to the Court and I made it to them.  We are going
7  to give them everything they want within reason.  We are not
8  going to then respond to their desire to crucify Mr. Bandas.
9  There is a bit of that here.  And we can put that aside.
10          Mr. Bandas is capitulating.  I can't be clearer
11 than that.
12          We will give them full satisfaction of every
13 allegation in their complaint that remains in this case.  You
14 know the history of this.  It's got to end, respectfully.
15          MR. TIEVSKY:  So I would disagree with the comment
16 about the crucifixion.  That's not what we are after here.
17          The problem is that Mr. Bandas has been before
18 courts a lot of time before.  We put those in our complaint.
19 He repeatedly said, yeah, I know that happened, but I
20 disagree with it.  I don't want that to happen again.
21          THE COURT:  I don't either, but I think there has
22 been a change of heart.  If you want me to retain
23 jurisdiction or something like that, we can talk about that.
24          I think you should sit down and talk about what
25 language in a proposed judgment order is going to end the

1  controversy because I think that's where we are.
2        MR. TIEVSKY:  Perhaps the assistance of a
3  magistrate judge would help us there.
4        MR. VAN PUYMBROUCK:  If that's possible today,
5  Judge.  We would rather proceed today if we can.
6        THE COURT:  The problem with a referral to the
7  magistrate judge is, A, he or she would have to come up to
8  speed with the issues in the case.  I can't assume that the
9  person has read every opinion and every pleading as I have.
10        B, they have a lot on their plates.  They are not
11  going to be able to sit down right away and work on it.
12        MR. TIEVSKY:  In that case, we would be open to
13  your Honor doing it.
14        THE COURT:  That's fine.  I think you should meet
15  on your own right now.  I will be here.
16        MR. TIEVSKY:  Okay.  Would you like us to -- how
17  would you like us to communicate with you?
18        THE COURT:  Well, if you want to work here in the
19  jury room or the attorney-witness room, we can unlock those
20  for you.
21        MR. VAN PUYMBROUCK:  Yes, please.
22        THE COURT:  I will be in and out of -- I'm not -- I
23  have a meeting in chambers today.  I will be here until 6:00
24  o'clock.
25        MR. TIEVSKY:  Okay.  I don't have my computer and

1  all the documents I need with me.  So perhaps it would be
2  better for us to adjourn for a moment, and we will --
3             THE COURT:  Maybe go back to your office for a
4  while.  That's fine.  I will be here.
5             MR. CUMMINS:  Great, Judge.  Thanks very much.
6             MR. BANDAS:  Thank you, your Honor.
7             THE COURT:  Thank you, Mr. Bandas.
8             MR. CUMMINS:  By the way, Judge, just one last
9  thing.
10            Mr. Bandas was prepared to acknowledge personally
11 his recognition of what happened and his contrition to this
12 Court, if you would care to hear him.
13            THE COURT:  I think that might be of value.
14            MR. BANDAS:  Thank you, your Honor.
15            I understand what --
16            MR. CUMMINS:  Chris, you might want to come here
17 (indicating).
18            MR. BANDAS:  Thank you for this opportunity, your
19 Honor.
20            I do understand what has troubled the Court about
21 my practice and what has troubled the Court particularly
22 about how I conducted myself in the underlying *Gannett* case.
23 I appreciate the opportunity to come before the Court and
24 express that to your Honor.
25            THE COURT:  Well, I appreciate your change of

1  heart, Mr. Bandas. I think it's important to the integrity
2  of the court system. It's certainly important to the
3  reputation of the attorneys in our community. But I think
4  it's also important to recognize that the best response to a
5  mistake is to own up to it and turn around.
6      So thank you.
7      MR. BANDAS: I agree, your Honor.
8      Thank you.
9      MR. CUMMINS: Thanks, Judge.
10          *   *   *   *   *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Frances Ward_____January 23, 2019.
Official Court Reporter
F